No. 2827. CANTWELL *v.* WILLIAMS. November Term, 1891. This was an appeal from an order of Judge Wallace, which held that plaintiff was supervisor of Charleston County.

January 8, 1892.   The following order was passed

PER CURIAM.   Upon the call of this case, counsel for respondent moved to dismiss the appeal herein on the ground (as appears by the affidavit of the clerk of this court duly filed) that no points and authorities had been filed by the appellant in accordance with the rules of this court, the respondent having duly filed his points and authorities and argument on the merits with the said clerk.   A suggestion was also filed by order and permission of the court, bringing to the attention of the court the fact that since the taking and docketing of the appeal herein, to wit,

on the 26th November, A. D. 1891, the petitioner, Wm. P. Cantwell, had been removed from the office of supervisor of Charleston County by and with the consent of the senate, and was therefore since that date no longer supervisor of Charleston County, or entitled to the relief originally demanded by him in this proceeding.

The rules of this court are explicit that the respondent is entitled to a dismissal of the appeal on the failure of the appellant to file points and authorities as therein required.

It has also been long settled law in this State, that "this court cannot consider merely speculative questions, and give judgment upon disputed points of law. Our duty is to pronounce practical judgments, to settle and determine the rights of parties." *Ex parte Pereira*, 6 Rich., 150; *State* v. *Gathers*, 15 S. C., 372. See also *United States* v. *Boutwell*, 17 Wall., 607. It is evident that there is no longer any practical question in this case, and before the court, and that the court could not therefore hear and determine the merits, only speculative questions being now involved. This makes the court more ready to enforce the rules.

It is therefore, after hearing counsel for both parties, ordered and adjudged, that the appeal herein be dismissed, and the case stricken from the docket.

*Mr. McLaurin*, attorney general, for appellant. *Smythe & Lee* and *J. P. K. Bryan*, for respondent.

No. 2845. This was a petition for a rehearing of the matter passed upon in the foregoing order.

February 1, 1892. The following order was passed

PER CURIAM. We have carefully considered the petition for rehearing in this case, and finding that no material fact or important principle of law has either been overlooked or misunderstood, there is no ground for a rehearing. While the facts stated in the verified petition are quite sufficient to vindicate the attorney general from any culpable default in failing to file his points and authorities within the time required by the rule of this court, yet there being no doubt of the fact that these points and authorities were not filed within the prescribed time, this court could not do otherwise than enforce the rule, when, as in this case, its

protection was invoked. This court, however, was much pleased to find that the enforcement of the rule, which sometimes operates harshly, did not in this instance work any real prejudice to the appellant; for when the conrt was informed officially that the question involved in the appeal had lost all practical importance, and had become a purely speculative question, this court could not, under the long and well' settled practice, as shown by the cases cited in the order dismissing the appeal, have heard the appeal even if all the rules of court had been fully complied with.

It is an entire mistake to suppose that this court in granting the order to dismiss the appeal, either decided anything or intended to indicate any opinion either one way or the other as to the question whether the petitioner was entitled to the office of supervisor of registration until his removal by the governor had been consented to by the senate. That question was neither considered nor decided, and could not be considered after it had become a purely speculative question by the action of the senate; for whatever difference of opinion as to the petitioner's rights may have existed prior to such action, it was unquestionable and unquestioned that after the action of the senate he had no right to the relief which he had demanded in his petition.

It is likewise a mistake to suppose that this court could have gone on and considered the speculative question involved in the appeal, with a view to its effect upon the incidental question of the salary of the office, and who was entitled to it. It is sufficient to say that the proper parties were not before the court in this case to enable this court to render an effective judgment upon that question, and hence it would have been manifestly improper for the court to have undertaken to decide that question in this case.

The judgment of this court is, that the petition for rehearing be dismissed, and that the stay of the *remittitur* heretofore granted be revoked.

In Nos. 2827 and 2845, Mr. Justice Pope did not sit, having been of counsel as attorney general in the court below.