## THE SOUTH CAROLINA AND GEORGIA R. R. v. THE EAST SHORE TERMINAL CO.

APPEAL—ORDER.—An order dissolving a temporary injunction, and discharging a rule to show cause, is not appealable.

Before BUCHANAN, J., Charleston, October, 1895.

Action by the South Carolina and Georgia Railroad Company against the East Shore Terminal Company, to enjoin the defendant from prosecuting a proceeding to condemn a right of way across the lot of plaintiff. From an order of Judge Buchanan, dissolving a temporary injunction previously granted by him upon rule to show cause, the plaintiff appeals.

*Messrs. Jos. W. Barnwell* and *Lord & Burke*, for appellants, cite no authority on point decided.

*Messrs. Mitchell & Smith*, contra, cite on point decided: 34 S. C., 345; 36 S. C., 559; 43 S. C., 187.

Feb. 17, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was brought by the plaintiff to enjoin certain condemnation proceedings on the part of the defendant. On the 2d of September, 1895, his Honor, Judge Buchanan, granted an order, requiring the defendant to show cause, at the time and place therein mentioned, why the injunction for which the plaintiff prayed should not be granted, and also enjoined the defendant from taking any other or further action in the condemnation proceedings until further order of the Court.

On the 3d of October, 1895, his Honor, Judge Buchanan, granted the following order, to wit: "After hearing read the return herein and affidavits in support of the same, and after argument for and against the injunction, it is ordered, that the rule heretofore issued be vacated and discharged."

The appeal herein is from the last mentioned order. The

respondent's attorneys raise the question that said order is not appealable. The order was necessarily made without prejudice to the rights of the parties upon the final hearing of the case; as much so as if the words, "without prejudice, &c.," had been inserted in the order. The Circuit Judge did not have the power, on the hearing of said motion, even if he had so desired, to decide the case upon its merits. The effect of said order was the same as if the Circuit Judge had stated in the order that it was only to remain in force until a decision could be made upon the merits. The cases of *Garlington* v. *Copeland*, 25 S. C., 41, and *Sease* v. *Dobson*, 34 S. C., 345, are conclusive of this question. Having reached the conclusion that the said order is not appealable, the other questions raised by the exceptions cannot be considered.

It is the judgment of this Court, that the appeal be dismissed.