6602*a*

### WRIGHT v. CITY OF COLUMBIA.

APPEAL from an order dissolving a temporary order restraining a nuisance after the nuisance has been abated is speculative.

Before GARY, J., Richland, October, 1906. Appeal dismissed.

Action by W. C. Wright *et al.* against City of Columbia. From order dissolving temporary injunction, plaintiffs appeal.

*Mr. D. W. Robinson,* for appellant.

*Messrs. Allen J. Green, H. P. Green, Walter Green, Andrew Crawford* and *Wash. Clark,* contra.

July 23, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order discharging a rule to show cause, and dissolving a former

order, whereby the respondents were temporarily restrained from operating, on a designated street in the city of Columbia, certain shows and attractions for and during the week of the Fair, at the instance of the Chamber of Commerce, and with the consent and approval of the City Council of said city.

On the 25th of October ,1906, his Honor, Judge Gary, granted an order requiring the defendants to show cause, on the 27th of October, why they should not be enjoined from obstructing the street therein mentioned; and further ordered that the defendants be restrained in the meantime, upon the plaintiff entering into a bond in the sum of $1,000, to indemnify the defendants, for any damages they might sustain by reason of said order.

On the 29th of October, 1906, the Circuit Judge signed the following order:

"Upon hearing the return of the respondents and attached affidavits to the rule to show cause herein, and after argument of counsel:

"It appears to the Court that the obstructions complained of by the plaintiffs are mere *temporary* structures, placed in the street under license of the City Council, who had the *right to grant* such privilege, and the same were so situated as in no way to interfere with the free use of the street for purposes of travel and access to the abutting property of the plaintiffs; and further, that the *injury complained of by the plaintiffs is not caused by the alleged obstruction but is consequential, and is not such injury as is special and peculiar to them, differing in kind as well as in degree to that of the rest of the public,* so that even though the obstructions he alleges be a public nuisance, the plaintiffs are not entitled to the relief sought.

"It is ordered: That the returns are sufficient and the rule be discharged.

"Further ordered: That the temporary restraining order heretofore granted in this case be, and the same is hereby, set aside.

27—77

"Let the returns and affidavits, together with all papers in the cause, be filed in the office of the clerk of the Court for Richland County."

The plaintiff appealed.

The respondents made a motion, upon the call of the case in this Court, to dismiss the appeal upon the following grounds:

1. "Because it appears from the affidavits and papers above referred to that the shows and attractions complained of had, prior to the service of the exceptions upon which this appeal is based, been removed, and if the said shows and attractions had created a nuisance, as complained of in said complaint, then that the said nuisance had been abated, and so any further consideration of the order of the Circuit Judge, discharging the rule to show cause and dissolving the temporary injunction, would prove but an abstract question and speculative only in its nature.

2. "Because the order from which this appeal has been taken is not appealable, since it does not appear that a continuance of the said temporary restraining order was necessary for the preservation of any legal right of the complainant.

3. "Because it appears from the affidavit hereto attached that the plaintiff, W. C. Wright, has recovered from the illness from which he was at that time suffering and that he has been for many months past upon the streets of the city, in the regular discharge of his ordinary vocation, apparently in his usual health."

The order, dated 25th October, 1906, requiring the defendants to show cause, and in the meantime restraining them, must be regarded as having been issued under the provisions of Section 244, of the Code, which is as follows: "If the Court or Judge deem it proper that the defendant, or any of several defendants, should be heard before granting the injunction, an order may be made requiring cause to be shown, at a specified time and place, why the injunc-

tion should not be granted; and the defendant may, in the meantime, be restrained."

In the case of *Creech* v. *Long*, 72 S. C., 25, 31, 51 S. E., 614, the Court, construing this section, says: "This section recognizes the distinction between an order granting an injunction proper and an order simply restraining the defendant until the Court can determine whether the plaintiff is entitled to an injunction. The Code does not make it the duty of the Judge to require an undertaking on the part of the plaintiff, before hearing the return to the rule to show cause, although a restraining order was granted in the meantime."

The Circuit Judge, however, had the discretionary power to require the undertaking.

The force and effect of the order dated 29th of October, dissolving the temporary restraining order and refusing to continue the injunction, is shown by the following language of the Court, in the case of *Alston* v. *Limehouse*, 60 S. C., 559, 568, 39 S. E., 188: "On a motion for a temporary injunction, the Circuit Judge, in considering the issue raised by the pleadings, should indicate that their consideration is solely for the purpose of determining whether the plaintiff has a *prima facie* right to an order of injunction. His order should not purport to dispose of the issues upon the merits, as was done in this case. The language of Judge Gage cannot be construed as a finding upon the facts in such a manner as to affect the merits of the case. It must be regarded as used for the purpose of showing that he was justified in granting the temporary order of injunction, and not as in any manner affecting the other question in issue. No fact decided upon such motion is concluded thereby, and when the other issues are brought to trial they are to be determined without reference to said orders."

In the case of *R. R. Co.* v. *Terminal Co.*, 48 S. C., 315, 26 S. E., 613, the Court says: "The order was necessarily made without prejudice to the rights of the parties, upon the final hearing of the case; as much so as if the words 'without

prejudice, &c.,' had been inserted in the order. The Circuit Judge did not have the power, on the hearing of the said motion, even if he had so desired, to decide the case upon its merits. The effect of said order was the same as if the Circuit Judge had stated in the order that it was only to remain in force until a decision could be made upon the merits, citing *Garlington* v. *Copeland,* 25 S. C., 41, and *Sease* v. *Dobson,* 34 S. C., 345, 13 S. E., 530."

The question whether the plaintiff is entitled to an injunction is now merely speculative, and there would be no practical benefit to the plaintiff in reversing the said order, even if this Court should conclude that there was error.

The question, however, whether the plaintiff is entitled to damages for the alleged obstruction, during the time it existed, can only be determined when the case is heard upon the merits (which right, of course, is still left open).

It is the judgment of this Court, that the motion be granted and the appeal dismissed.