### 7439

### TRIMMIER v. VALLEY FALLS MFG. CO.

1. INJUNCTION.—The language used by the Judge in refusing interlocutory injunction here cannot be construed into such finding on the facts as to effect the merits.

2. IBID.—Where a temporary injunction is not essential to the assertion or preservation of plaintiff's rights, the trial Court may deny it.

Before SEASE, J., Spartanburg, August, 1909. Affirmed.

Action by T. R. Trimmier and S. F. Sutton against Valley Falls Mfg. Co. *et al.* From order refusing temporary injunction, plaintiffs appeal.

*Messrs. Simpson & Bomar,* for appellants. *Judgment creditors should have been restrained from enforcing their judgments:* 51 S. C., 433; 63 S. C., 361; 69 S. C., 159, 551; 75 S. C., 220.

*Messrs. Wilson & Osborne, Clark & Clark, Carlisle & Carlisle* and *J. W. Nash,* contra. *Mr. Wilson,* cites: *Order is not appealable:* 48 S. C., 315. *Judge may consider merits in deciding if temporary injunction should be granted:* 34 S. C., 345; 36 S. C., 562; 52 S. C., 36; 60 S. C., 559. *Temporary injunction properly refused:* High on Rec., secs. 18, 89, 289, 292, 295, 295a, 301, 344, 346, 403, 749, 24; Beach. on Rec., secs. 86, 87, 88, 408, 409, 424, 151; Pom. Rem., secs. 62, 63, 107, 109, 110, 112, 113, 114, 70, 205, 206, 121; 10 Cyc., 969; 37 Fed., 287; Smith on Rec., 12, 13, 14, 32, 38, 41, 42, 347, 348, 349, 365, 366, 367, 369, 370, 371, 350, 608; *Gluck* v. *Baker,* 37, 38, 52; Fed. R., 609; 8 Current L., 1680, 1682; 17 Ency., 739; 23 Ency., 1021, 1022, 1038, 1039, 1023, 1024; 20 Ency., 16, 18, 30; 7 Blatchf., 173; 19 S. C., 286; 27 S. C., 415.

February 17, 1910. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order, refusing a motion for a temporary injunction.

The grounds of appeal are as follows: "Because, it is respectfully submitted, his Honor, Judge Sease, erred in holding 'as to the accounts, claims and judgments held by Saxe Gotha Mills and Lexington Manufacturing Company, I am fully convinced that the said companies are *bona fide* holders of such claims, accounts and judgments, holding the judgments as collateral, and there is no possible reason why the Court should be asked to interfere with the property so held, by the said Saxe Gotha Mills and Lexington Manufacturing Company, by the Court's injunction,' and in,

therefore, ordering that the said interlocutory injunction as to said companies' accounts, claims and judgments be dissolved, the error being:

First. "At most, the Circuit Judge should and could only hold, that upon the showing made by the affidavits, there was not sufficient evidence of invalidity of the claims attached to warrant him, in granting an injunction, leaving the question whether the claims were or were not *bona fide,* to be determined at the hearing of the case on its merits.

Second. "The Circuit Judge was without power or authority to pass absolutely, as he did, upon the validity of the claims mentioned, on application for an order of injunction *pendente lite.*

Third. "The Circuit Judge should have found, under the affidavits submitted, that there was sufficient evidence tending to show the invalidity of such claims, to warrant and require him to grant the injunction asked for, and his failure to do so was error of law."

The first and second grounds can not be sustained, for the reason that the language of his Honor, the Circuit Judge, can not be construed as a finding upon the facts in such manner, as to effect the merits of the case. As said by the Court in *Alston* v. *Limehouse,* 60 S. C., 559, 38 S. E., 622. "It must be regarded as used, for the purpose of showing that he was justified in granting the temporary order of injunction, and not, as in any manner, affecting the other question in issue. No fact decided upon such motion is concluded thereby, and when the other issues are brought to trial, they are to be determined without reference to said orders." The case of *R. R. Co.* v. *Terminal Co.,* 48 S. C., 315, 26 S. E., 613, is to the same effect.

The third ground cannot be sustained for the reason, that a temporary injunction was not essential to the assertion and preservation of the plaintiff's rights, relative to the claims therein mentioned.

The complaint does not even allege, nor do the appellants' attorneys contend, that the claims of Saxe Gotha Mills and Lexington Manufacturing Company, are negotiable in form, nor that said defendants are proceeding to enforce payment of their judgments by execution.

Of course, if said claims are non-negotiable, an assignee would take them subject to all equities existing between the original parties.

It is the judgment of this Court, that the appeal be dismissed.