### 7510

### WOOD v. ROSS.

1. CITIES AND TOWNS—WATERWORKS—BOARD OF PUBLIC WORKS.—The provisions of the act of 1908, 25 Stat., 563, empowering the board of public works of the town of Gaffney to borrow money for maintaining a waterworks system is in aid of the amendment to the Constitution extending the bond debt limit.

2. IBID.—IBID.—The amended constitutional provision relating to establishing, maintaining, etc., waterworks systems does not express such different purposes as to require the questions of erecting waterworks

and maintaining them to be submitted to the electors as different propositions.

3. MUNICIPAL BONDS may be made payable in gold.

MR. JUSTICE GARY *thinks the act of 1908, 25 Stat., 563, and the act of 1907 amended thereby, have both been held unconstitutional by the circuit decrees.*

Before DEVORE, J., Cherokee, December, 1909. Affirmed.

Action by A. N. Wood against W. H. Ross as Mayor *et al.* The important part of the decree of Judge Sease is set out in the concurring opinion of Mr. Justice Gary. The decree of Judge DeVore is:

"The above entitled cause is an action brought by the plaintiff to enjoin elections by the Town Council of Gaffney, in which elections it is sought to issue $75,000.00 of bonds for water works and $50,000.00 of bonds for a sewerage system; the grounds upon which the injunction is sought are stated fully in the petition or complaint of the plaintiff. Upon the complaint and the answer of the town council of Gaffney and the board of public works, and also record of the various proceedings taken for the purpose of holding said elections and issuing bonds thereunder, a motion was made for a temporary injunction before his Honor, Judge T. S. Sease, Judge of the seventh circuit. On the 20th day of August, 1909, Judge Sease filed an order refusing the injunction. In this order he reviews fully all the questions presented in so satisfactory a manner, that his views are adopted in this decree as settling all issues passed on by him, and said order is made a part of this decree and judgment..

"Thereafter, the Security Trust Company of Spartanburg, S. C., obtained leave from the Court to file an answer setting up such additional matters affecting the validity of said bond issue, as in the judgment of its attorneys should be passed upon. This company is interested in the final

determination of all matters affecting said bonds, as it has purchased said bond issue subject to their validity.

"This cause was marked 'heard' by me at the November term of the Court of Common Pleas sitting in Cherokee county, and the argument and the record was submitted to me by consent at Spartanburg on December 3, 1909, all attorneys of record consenting.

"As the issues raised by the complaint and answer of the plaintiff and the town council of Gaffney, S. C., and the board of public works of Gaffney, S. C., have already been determined, it remains to pass on the separate issues raised by the answer of the Security Trust Company, the purchaser of said bonds.

"Since the order of Judge Sease was made, the elections have been held in the town of Gaffney, and both the bonds for waterworks and for sewerage have been voted by an overwhelming majority, thereby giving evidence of the most positive character of the will of the voters.

"The trust company alleges that the bonds for water works are invalid inasmuch as the question submitted to the voters was for 'building, erecting, establishing and maintenance' of a waterworks plant for Gaffney, and that this is in conflict with an act of the General Assembly approved February 14, 1908, being No. 563 of XXV Sts., S. C., wherein provision is made for the board of public works to borrow not exceeding $15,000.00 each year for operating, repairing and *maintaining* the waterworks plant. The contention is, that provision having already been made by statute for maintaining the waterworks plant, that bonds should not have been voted under the constitutional amendment of 1909 for the maintenance of the waterworks plant, but that said bonds should have been confined to building, and erecting such waterworks plant. It is conceded that, but for the amendment to the Constitution, the town of Gaffney would not have had the power to issue the amount of bonds voted, and that the issue depends upon that amendment for its

validity. That amendment declares in its own terms that the bonds voted shall be used 'solely and exclusively for the purpose of building, erecting, establishing and maintenance of waterworks, electric light plants or sewerage systems.' In construing the Act of 1908 with the subsequent amendment to the Constitution, it is by no means necessary to hold that one is in conflict with the other, indeed they can be, and should be made to harmonize. The constitutional provision relates to the voting of bonds for such purposes by the electors of the corporation, while the act in question confers upon a different entity the power to borrow money to maintain the waterworks and sewerage plants, so that the one provision is in aid of, and not in conflict with, the other; so that, if the bond issue is not sufficient for the maintenance of, as well as for the building, erecting and establishing such waterworks and sewerage plants, then the board of public works may have recourse to their statutory power, and borrow money for operating, repairing and maintaining said plants.

"Besides this, if there were any inconsistency, the latter provision of the Constitution would control, but there is no such inconsistency.

"The words of the constitutional amendment, building, erecting, establishing and maintenance, being joined together by the word 'and' should be construed as denoting such singleness of the objects expressed as to dispense with the necessity of stating separately the amount for maintenance, and the amount for building, erecting and establishing, so that the contention made in the 4th paragraph of the answer must be overruled.

"As to the fifth paragraph of the answer, what has been said in connection with the first issue raised disposes of this issue also, as the stated purpose for which it was proposed to issue bonds for sewerage is within the language of the constitutional amendment.

"The last question to be disposed of questions the power of the town council to make the bonds issued payable in gold coin, instead of leaving it optional to pay the same in any legal tender money of the United States. Such payment is authorized by section 2008 of the Code of Civil Laws, and accords with the opinion of Judge Gary in the case of *Lipscomb* v. *Ross,* 83 S. C., 136, and with the judgment of Judge Sease, and this question is overruled.

"It is the judgment of the Court that insofar as any questions herein involved are concerned, the issue of $75,000.00 waterworks bonds and $50,000.00 sewerage bonds for the town of Gaffney are valid; that the complaint of the plaintiff and the answer of the Security Trust Company are both dismissed."

From this decree the Security Trust Company appeals.

*Messrs. Simpson & Bomar,* for appellant.

*Mr. J. C. Jeffries,* contra.

March 18. 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Certain questions made in this cause as to the validity of bonds of the town of Gaffney were discussed and passed on by Judge Sease in an order refusing to enjoin the issue of the bonds. When the cause came on for trial, Judge DeVore adopted and made the judgment of the Court the conclusions of Judge Sease on the questions that were before him; and in addition, Judge DeVore discussed and held to be without foundation certain other specific objections to the bond issue made by the Security Trust Company which had agreed to purchase the bonds.

The objections made by the Security Trust Company are thus set out in the exceptions:

1st. "Because the presiding Judge erred in not sustaining the contention of the defendant, Security Trust Company, that the bonds about to be issued, as referred to in this proceeding, are, and will be, utterly null and void because not issued in accordance with the act of the legislature of the State of South Carolina, of date February 14, 1908, 25 Statutes, 563, in that the said act provides that the waterworks to be established by the proceeds of the sale of waterworks bonds in question should be maintained by money borrowed annually by the board of public works, not exceeding $15,000 borrowed at one time; whereas, the bonds about to be issued were voted and are to be used for the maintenance of the waterworks plant, as well as for the building, erecting and establishing it.

2d. "Because the Circuit Court erred in not holding that the waterworks bonds in question are, and will be, void for the reason that the election which authorized the issuance of said bonds was held for a double purpose, to wit, for the purpose of building, erecting and establishing a waterworks plant, and also for the purpose of maintaining the same, when the two propositions should have been separately submitted to the voters of the town of Gaffney to be voted on.

3d. "Because the Circuit Judge erred in not holding that all of the bonds in question are, and will be, illegal and invalid for that they are to be made payable in gold coin, when there is no statute or other authority of law requiring or allowing them to be made so payable."

These objections are without foundation and are fully disposed of by the reasoning and judgment of Judge Devore. No objections to the legality of the proposed bond issue are before this Court except those specifically covered by the exceptions, and for that reason we express no opinion as to the other questions discussed in the decrees of Judge Sease and Judge DeVore.

The judgment of this Court is that the appeal be dismissed.

MR. JUSTICE GARY, *concurring.* Before proceeding to consider the exceptions, it may be well to construe the rulings of their Honors, Judges DeVore and Sease, for the purpose of determining whether the questions raised by the exceptions are merely speculative.

If, under a proper construction of their rulings, the acts, by virtue of which the elections were held, were declared by them to be repugnant to the provisions of the Constitution, requiring, as a condition precedent, to the holding of an election, that there shall be a petition, signed by a majority of the freeholders, then the bonds are illegal, and it would be against public policy for them to be issued.

In refusing the motions for a temporary injunction, his Honor, Judge Sease, made the following rulings:

"The plaintiff attacks the validity of the election on three grounds, two of which question the acts of the General Assembly of South Carolina, being Nos. 389 and 563, XXV Sts., which will be considered later on. * * *

"The second question involves the constitutionality of the acts of the General Assembly above referred to. The Board of Public Works for the town of Gaffney was created by an act of the General Assembly, approved February, 1907; the title of which is as follows: 'An act to create a Board of Public Works for the town of Gaffney, and to define their powers and duties and compensation.' This act was amended in 1908 by an act, approved February 11, 1908, the title of which reads: 'An act to amend an act entitled "An act to create a Board of Public Works of the town of Gaffney, and to define their powers and duties and compensation,' so as to limit the amount of indebtedness, and to declare valid all obligations made by the Board of Public Works, and to provide for the election of successors, to members of the present Board of Public Works." In section 4 of both

said acts, the following provision is found: 'All elections herein provided, shall be ordered by the town council, and they are hereby required to order all such elections upon a written petition of the majority of the board of public works, or upon a petition of one-third of the freeholders of the town of Gaffney.' In section 6 of said acts it is provided: 'Whenever it may be deemed advisable by the said board to issue bonds to extend the electric light plant or waterworks in the town of Gaffney, or to secure additional water supply for the said town of Gaffney, the said town council of Gaffney shall submit the question of issuing bonds  *  *  *  to an election of the qualified electors of the said town of Gaffney  *  *  *  such election to be ordered in the discretion of the said board of public works, or upon a petition of one-third of the number of freeholders of the town of Gaffney.  *  *  *.' In section 7 of said acts it is further provided: 'Wherever the said board of public works deem it desirable, or upon a petition signed by one-third of the freeholders of the town of Gaffney, petitioning for an election for sewerage system, setting forth the amount of the bonds to be voted for, it shall be the duty of the town council of Gaffney to order an election, etc.'

"The Constitution of 1895, art. II, sec. 13, requires as a condition precedent to the holding of an election to create a bonded debt, in towns and cities, that there shall be a petition signed by a majority of the freeholders of such town or city, as shown by its tax books. The provisions of the Constitution are mandatory, and the General Assembly has no power to prescribe any method of holding such election, in conflict with that prescribed by the Constitution, for which reason the requirements above set forth, in the acts of 1907 and 1908, are repugnant to the Constitution, and are void.

"It is further contended by the plaintiff that those two acts are also repugnant to the Constitution, in that so much of the body of said acts, as provide a scheme for the holding of elections to vote bonds for waterworks, lights or sewer-

age, are acts devolving upon the town council and not a part of the duties, powers or compensation of the board of public works, and hence not in conformity with the titles of said acts as above set out. It is seen by the language of the two acts, that it is sought to make the holdings of such election dependent in some measure on the action of the board of public works, in which light the method and machinery provided for such elections would be pertinent to the duties of the board of public works, and so fairly embraced within the scope of the title of said acts. After eliminating so much of the language of those acts as is obnoxious to the Constitution, it is seen that the preliminary steps to the holding of such elections is in no wise dependent upon the will or act of the board of public works, further than that the individual members of said board, as freeholders, might join in the petition for such elections, and hence the matter complained of by the plaintiff is in contravention of art. III, sec. 17, of the Constitution."

The order of Judge Sease did not determine any question involving the merits. The rule in such cases is this stated in *Alston* v. *Limehouse,* 60 S. C., 559, 39 S. E., 188: "On a motion for a temporary order of injunction, the Circuit Judge, in considering the issues raised by the pleadings, should indicate that their consideration is solely for the purpose of determining whether the plaintiff has a *prima facie* right to an order of injunction. His order should not purport to dispose of the issues upon the merits, as was done in this case. The language of Judge Gage cannot be construed as a finding upon the facts in such a manner as to affect the merits of the case. It must be regarded as used for the purpose of showing that he was justified in granting the temporary order of injunction, and not as in any manner affecting the other question in issue. No fact decided upon such motion is concluded thereby, and when the other issues are brought to trial, they are to be determined without reference to said orders. In the case of *R. R. Co.* v. *Termi-*

21—85

*nal Co.,* 48 S. C., 315, 26 S. E., 613, the Court says: "The order was necessarily made without prejudice to the rights of the parties, upon the final hearing of the case; as much so as if the words "without prejudice, &c.," had been inserted in the order. The Circuit Judge did not have the power, on the hearing of said motion, even if he had so desired, to decide the case upon its merits. The effect of said order was the same, as if the Circuit Judge had stated in the order that it was only to remain in force, until a decision could be made upon the merits.' " Citing *Garlington* v. *Copeland,* 25 S. C., 41, and *Sease* v. *Dobson,* 34 S. C., 345, 13 S. E., 530.

As his Honor, Judge DeVore, however, adopted said ruling, we will construe it as if it had been made by him, in the first instance, when he heard the case upon the merits.

There was no appeal from said rulings, and, standing alone, they would unquestionably be *res judicata* as to the constitutionality of said acts.

His Honor, the Circuit Judge, who heard the case upon the merits, also adopted the following ruling: "After a careful consideration of the two acts, I am of the opinion and so hold, that after striking out all of the objectionable matter in those acts, the purpose of them is not destroyed, and there remains enough matter to constitute a valid act, creating the board of public works for the town of Gaffney and defining their powers and duties and compensation, irrespective of the plans of holding elections, for the purpose of issuing bonds, for the purposes therein named."

This ruling is wholly inconsistent with those declaring said acts to be unconstitutional on the ground that while the Constitution requires that the petition for holding an election shall be signed by a majority of the freeholders, the said acts provide: (1) that one-third of the freeholders, or (2) a majority of the board of public works, may order an election; and on the further ground, that they are obnoxious to art. III, section 17 of the Constitution.

As those rulings are inconsistent both of course can not stand.

The general principle applicable to the construction of judgments is thus stated in 23 Cyc., 1101: "A judgment should be so construed as to give effect to every word and part of it, including such effects of consequences as follows by necessary legal implication from its terms, although not expressed; *and where there are two possible interpretations that will be adopted, which makes the judgment harmonize, with the facts and law of the case, and be such as ought to have been rendered,* which brings it within the authority and jurisdiction of the Court, *and which renders it more reasonable, effective and conclusive."* (Italics ours).

Tested by this rule the rulings must be construed as declaring the acts unconstitutional, for the reasons stated by the Circuit Judge, such being the case, the exceptions present questions that are merely speculative. But waiving such objections, the appeal should be dismissed for the reasons stated in the opinion of Mr. Justice Woods.