16535

## BERRY v. ZAHLER *ET UX.*
(66 S. E. (2d) 459)

*Mr. Colin S. Monteith, Jr.,* of Columbia, *for Appellants.*

*Messrs. Baker & Baker,* of Columbia, *for Respondent,*

August 23, 1951.

STUKES, Justice.

The respondent in this appeal brought an ejectment proceeding in a magistrate's court against appellants for the possession of a residence in the City of Columbia upon the allegation that they were holding over after the expiration of their lease. The tenants made return, appeared personally and by counsel and objected to parol testimony relating to the terms of the lease and purporting to prove notices to vacate, but the magistrate overruled the objections and issued order of ejectment. The tenants appealed to the Court of Common Pleas which reversed the order of the magistrate and remanded the proceeding to him for a new trial. The tenants thereupon appealed to this court upon the contention of error by the lower court in refusing to dismiss the proceeding rather than remand it for another trial. In their brief is the statement that since the trial before the magistrate they have vacated the premises and delivered possession to the landlord. Under these circumstances, the issue, which was the right to possession of the premises, has become moot, and the appeal will not be considered.

The court does not concern itself with moot or speculative questions. The rule has been frequently applied. *Wallingford & Russell v. Benson,* memorandum decision reported in 17 S. C. 591, is an example. There was an appeal from an order refusing a motion to vacate an order of arrest, but the bond of appellant was voluntarily cancelled by respondent during the pendency of the appeal, and it was dismissed. In *Cantwell v. Williams,* 35 S. C. 602, 14 S. E. .549, 550, the issue was the .right

of Cantwell to the office of county supervisor. After the appeal was docketed a new appointment was made under the law. The appeal was dismissed and the court said: "It has also been long settled law in this State that this court cannot consider merely speculative questions, and give judgment upon disputed points of law."

"Our duty is to pronounce practical judgments, to settle and determine the rights of parties. *Ex parte* Pereira, 6 Rich. Law [149] 150; *State v. Gathers,* 15 S. C. [370] 372. See, also, *United States v. Boutwell,* 17 Wall. [604] 607 [21 L. Ed. 721]. It is evident that there is no longer any practical question in this case, and before the court, and that the court could not, therefore hear and determine the merits; only speculative questions being now involved." *Wright v. City of Columbia,* 77 S. C. 416, 57 S. E. 1096, 1097, was a suit for injunction against the obstruction of a street, and the alleged nuisance was abated pending appeal. The latter was dismissed with the following comment: "The question whether the plaintiff is entitled to an injunction is now merely speculative, and there would be no practical benefit to the plaintiff in reversing the said order, even if this court should conclude that there was error." In *Burgess v. Crumpton,* 93 S. C. 562, 77 S. E. 356, it appeared that pending the appeal from a judgment for plaintiff, the defendant, who was appellant, successfully moved in the circuit court for new trial on after-discovered evidence, which was granted and the new trial resulted in judgment for the defendant, from which no appeal was taken; the appeal was dismissed. *Davis v. Atlantic Coast Line R. Co.,* 106 S. C. 351, 91 S. E. 325, 326, was an action for wages which defendant refused to pay because of an outstanding power of attorney by the plaintiff to another which authorized the latter to collect the wages; but the power was withdrawn and judgment was rendered for plaintiff. Upon appeal Mr. Justice Fraser, who was a master of brevity of expression, wrote the opinion which follows in full: "The

defendant admits the debt, and Roscoe withdraws the power of attorney. The question is academic.

"The appeal is dismissed." Plaintiff appealed from a judgment against him in *Moore v. Hinson,* 107 S. C. 290, 92 S. E. 619. At the hearing of the appeal respondent's counsel announced that he was informed by telegram that the case was settled. Being without other information appellant's counsel argued the appeal. It developed that the telegraphic information was correct, whereupon the court refused to consider the appeal.

The foregoing decisions are in accord with the law elsewhere. "The rule is well established that review proceedings are not allowed for the purpose of settling abstract questions  *  *  *." 3 Am. Jur. 308, Appeal & Error, Sec. 733. *Ibid.,* Sec. 724: "An appeal or error proceeding may be dismissed by the court either on its own motion or that of either party." *Ibid., Sec.* 746: "An appellate court may dismiss an appeal or error proceeding on its own motion where it appears from the record that the court is without jurisdiction or that the judgment sought to be reviewed is not final, among numerous other reasons, even though no objection is raised by the opposite party." See also, 4 C. J. S., Appeal and Error, § 1354, page 1945 *et seq.*

An exception to the rule of rejection without decision of academic questions is illustrated by *Ashmore v. Greater Greenville Sewer District,* 211 S. C. 77, 44 S. E. (2d) 88, 97, 173 A. L. R. 397, which is of no application here, but where it was said: "* * * questions of public interest originally encompassed in an action should be decided for future guidance, however abstract or moot they may have become in the immediate contest."

The appeal is dismissed.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.