LOCKEMY, C.J.:
**300 In this appeal from a magistrate's order ejecting Skydive from a hangar at Grand Strand Airport, Skydive asserts the circuit court erred by denying its appeal of the ejectment order because: (1) ejectment was a mandatory counterclaim that should have been pursued in the pending circuit court case; (2) Rule 12(b)(8), SCRCP, required the ejectment be brought with the pending circuit court case; (3) the magistrate improperly applied its rules of court; (4) and the Space Use Permit did not supersede the prior eight-year long lease. Skydive also asserts the circuit court erred in finding its ruling was not automatically stayed during the appeal. We dismiss this appeal as moot.
FACTS
Skydive is a skydiving business that operated out of the Grand Strand Airport (GSA) located in North Myrtle Beach, SC. On May 10, 2012, Skydive entered into an agreement with Ramp 66, the operator of the GSA, which allowed Skydive to operate its business at the GSA. Skydive would be allowed usage of a minimum of 2,500 square feet in the "bird hangar" for use during daylight hours, seven days a week. In exchange, Ramp 66 would collect all ticket fees from Skydive's customers and keep 14% of the total revenue. The parties also agreed, "This agreement remains in effect through [Ramp 66's] lease with Horry County Department of Airports through July 2020 unless both parties agree to any changes in writing."
Ramp 66's lease with Horry County (the County) terminated by agreement in 2013. On September 13, 2013, Skydive entered into a Space Use Permit (SUP) with the County. Pursuant to the SUP, the County agreed to allow Skydive to occupy and use 6,800 square feet in the bird hangar. In exchange, the County would receive a flat $1,200 per month fee. The SUP, by its terms, expired January 31, 2014. The SUP also contained a clause indicating: "This Permit constitutes the entire agreement of the parties with respect to *226 the subject matter hereof and supersedes all previous agreements, **301 representations and understandings, concerning the same, whether written or oral."
After signing the SUP, Skydive requested several items at the bird hangar be repaired. According to Skydive, the County never responded to those requests. As a result of these and other actions, the relationship between Skydive and the County soured. Subsequently, the County provided Skydive with another SUP in February, 2014, but Skydive refused to sign it. On February 28, 2014, Skydive filed an action in the court of common pleas alleging sixteen causes of action including breach of contract, breach of contract accompanied by a fraudulent act, and violation of the South Carolina Unfair Trade Practices Act. The County answered that complaint on March 18, 2014.[1]
On June 5, 2014, the County filed an application for ejectment in the magistrate's court. The County asserted, "[t]he term tenancy or occupancy has ended." On June 13, 2014, Skydive's attorney filed a motion to remove the case from the magistrate's court to the circuit court. Skydive asserted the same facts and issue were pending in the circuit court action and the case should be removed from the magistrate's court. On July 2, 2014, the magistrate heard argument on the motion to remove and denied it. The magistrate also notified both parties it would hear the rule to vacate on July 23, 2014.
On July 18, 2014, Skydive sent the magistrate a letter asking the magistrate to reconsider its ruling on the motion to remove. Skydive also requested, "[s]hould this [h]onorable [c]ourt deny [Skydive's] request for reconsideration, [Skydive] respectfully asks for thirty (30) days within which to file an Answer and Counterclaim ... and a jury trial ... and reasonable discovery." During the hearing on July 23, the magistrate denied Skydive's motion for reconsideration, motion for a continuance to file an answer and counterclaims, and motion for a jury trial. The magistrate found the request to file an answer and counterclaims and the request for a jury trial were not submitted within the proper time periods for them to be **302 considered. The magistrate then held a hearing on the merits and found Skydive did not have a legal right to be on the property and ordered it be ejected.
Skydive appealed the magistrate's decision to the circuit court. On August 1, 2014, the magistrate issued an appellate bond, allowing Skydive to continue occupying the property and requiring Skydive to continue paying the County $1,200 per month in rent "until the action is heard on appeal and decided by the [c]ircuit [c]ourt."
The circuit court heard Skydive's appeal on May 6, 2015. The circuit court dismissed Skydive's appeal, finding the parties modified their previous agreement when the parties signed the SUP and that the SUP expired by its terms on January 31, 2014. The circuit court also found the magistrate properly applied its rules in denying Skydive's requests for a continuance and for a jury trial as those requests were made out of time. Skydive requested the circuit court reconsider its decision, but that motion was denied.
On September 17, 2015, Skydive requested the circuit court stay its ejectment during the appeal to this court. Skydive argued the magistrate's court order stayed the proceedings to their final conclusion and the circuit court should issue a writ of supersedeas pursuant to Rule 241, SCACR. The circuit court noted the language in the magistrate's court order stated: "Upon execution of the above bond, execution on the Judgment of Ejection is hereby stayed until the action is heard on appeal and decided by the [c]ircuit [c]ourt." The circuit court found the magistrate's stay expired by its own terms after it dismissed Skydive's appeal, and the circuit court denied Skydive's request for a supersedeas pending appeal to this court. Skydive never requested this court stay its ejection pending appeal. In October 2015, Skydive vacated the bird hangar at GSA. This appeal followed.
STANDARD OF REVIEW
When reviewing a circuit court's adjudication of an appeal of an ejectment action in magistrate's court, this court reviews the order under a limited standard of review in *227 which "(1) findings of fact are to be upheld if there is any supporting evidence and (2) absent an error of law, the circuit court's **303 holding is to be affirmed." McNair v. United Energy Distribs. , 390 S.C. 44, 49, 699 S.E.2d 723, 726 (Ct. App. 2010).
ANALYSIS
"This court does not concern itself with moot or speculative questions." Sloan v. Greenville Cty. , 380 S.C. 528, 535, 670 S.E.2d 663, 667 (Ct. App. 2009). "An appellate court will not pass judgment on moot and academic questions; it will not adjudicate a matter when no actual controversy capable of specific relief exists." Id ."A case becomes moot when judgment, if rendered, will have no practical effect upon the existing controversy." Id ."Mootness also arises when some event occurs making it impossible for the reviewing court to grant effectual relief." Id .
In 1951, our supreme court dismissed as moot an appeal of an ejectment action when the tenant notified the court it vacated the home. Berry v. Zahler , 220 S.C. 86, 87, 66 S.E.2d 459, 459 (1951). There, the property owner brought an ejectment action against the tenants "upon the allegation that they were holding over after the expiration of their lease." Id . The court determined, "Under the circumstances, the issue, which was the right to possession of the premises, has become moot, and the appeal will not be considered." Id .
In this ejectment case, the sole issue is the right to possession of the bird hangar. Skydive has not possessed the property in almost three years. As in Berry , there is nothing more for this court to consider once the party appealing has vacated the premises. Accordingly, we dismiss this appeal as moot.
CONCLUSION
Based on the foregoing, the appeal is
DISMISSED.
WILLIAMS and KONDUROS, JJ., concur.

That case is currently on appeal after the circuit court granted a motion to dismiss certain parties from the action. Skydive Myrtle Beach, Inc. v. Horry County , Op. No. 2017-UP-118, 2017 WL 922465 (Ct. App. filed March 8, 2017), cert granted, S.C. Sup. Ct. Order dated Mar. 7, 2018.