# The Supreme Court of South Carolina

Skydive Myrtle Beach, Inc., Petitioner,

v.

Horry County, Respondent.

Appellate Case No. 2018-001910

_____

## ORDER

_____

The petition for rehearing is denied. The attached opinion is substituted for the previous opinion, which is withdrawn. The only change we make is an addition to footnote one.

s/ Donald W. Beatty                                     C.J.

s/ John W. Kittredge                                       J.

s/ Kaye G. Hearn                                          J.

s/ John Cannon Few                                      J.

s/ George C. James, Jr.                                   J.

Columbia, South Carolina
January 22, 2020

# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Skydive Myrtle Beach, Inc., Petitioner,

v.

Horry County, Respondent.

Appellate Case No. 2018-001910

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal from Horry County
Larry B. Hyman Jr., Circuit Court Judge,

———————

Opinion No. 27930
Heard September 24, 2019 – Re-Filed January 22, 2020

———————

## REVERSED

———————

Robert Bratton Varnado, Brown & Varnado, LLC, of Mt. Pleasant, for Petitioner.

Michael Warner Battle, Battle Law Firm, LLC, of Conway, for Respondent.

———————

**JUSTICE FEW:** Horry County filed an action in magistrates court to eject Skydive Myrtle Beach, Inc., from a hangar at the Grand Strand Airport in North Myrtle Beach, South Carolina. The magistrates court found Skydive did not have any right to occupy the hangar, and ejected Skydive. The circuit court affirmed.

Skydive appealed to the court of appeals, which dismissed the appeal on the ground it was moot. We granted Skydive's petition for a writ of certiorari. We reverse the court of appeals because we hold the appeal is not moot. On the merits, we agree with the magistrates court and the circuit court that Skydive has no right to occupy the hangar. Thus, we affirm the circuit court.

## I. Facts and Procedural History

Horry County owns Grand Strand Airport. Until 2013, the County leased the airport to Grand Strand Aviation, which operated under the name Ramp 66. On May 10, 2012, Ramp 66 entered into an agreement with Skydive allowing Skydive to use "a minimum of" 2,500 square feet of what is commonly called the "bird hangar" to operate its skydiving business. The agreement provided, "This agreement remains in effect through Grand Strand Aviation's lease with Horry County Department of Airports through July 2020 unless both parties agree to any changes in writing."

Horry County terminated its lease with Ramp 66 in August 2013 and began its own management of the airport. On September 13, 2013, Horry County and Skydive entered into a new agreement entitled "Space Use Permit." The new agreement was designed to allow Skydive to continue operations at the bird hangar while it negotiated a longer-term lease directly with the County. The Space Use Permit granted Skydive the right to "occupy and use" a much larger portion of the bird hangar—6,800 square feet—than Skydive occupied under the May 2012 agreement. It also granted Skydive the right to use the hangar at night, a right Skydive did not have under the May 2012 agreement. The Space Use Permit stated "it shall continue in force and effect until January 31, 2014," and "either party may terminate [it] for any reason by giving at least thirty days written notice to the other party."

Skydive continued to occupy the bird hangar and to operate its skydiving business after January 31, but it did not enter into a new lease. On February 19, Horry County wrote Skydive listing numerous safety-related concerns about Skydive's operations. The County's letter advised Skydive the Space Use Permit had expired and "you are currently occupying County property without any right or authorization." The letter explained that in light of what the County perceived to be Skydive's poor safety record and other concerns, "Horry County is unwilling to offer Skydive a leasehold interest." Instead, the letter offered "a new, short-term Space Use Permit" that would allow Skydive to continue occupying the hangar until July 31, 2014. This new Space Use Permit would have imposed additional safety requirements that were not in the original Space Use Permit. The letter stated that if Skydive did not sign the new

Space Use Permit within seventy-two hours, "you will need to vacate the premises immediately." Skydive did not respond to the February 19 letter.

On February 28, 2014, Skydive filed a lawsuit in circuit court against Horry County, Horry County Department of Airports, and several individually named County employees. Skydive alleged the defendants improperly conspired to remove it from the bird hangar, breached the May 2012 agreement, and otherwise tortiously interfered with Skydive's business. The nature and progress of that lawsuit—which is still pending—are discussed in *Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 826 S.E.2d 585 (2019).

Horry County filed this ejectment action on June 5, 2014. The magistrates court entered an order ejecting Skydive from the bird hangar, and Skydive appealed to the circuit court. The magistrates court allowed Skydive to remain in the bird hangar—pending the circuit court's decision on appeal—by making a monthly bond payment equal to the rent Skydive paid under the Space Use Permit. The circuit court affirmed the ejectment order. Skydive made a motion for a stay of the order, which the circuit court denied.

Skydive appealed the circuit court order to the court of appeals on August 24, 2015. Three years later, the court of appeals dismissed the appeal as moot. *Skydive Myrtle Beach, Inc. v. Horry Cty.*, 424 S.C. 298, 303, 818 S.E.2d 224, 227 (Ct. App. 2018). We granted Skydive's petition for a writ of certiorari to review the court of appeals' decision.

## II. Mootness

Skydive argues that when the Space Use Permit expired on January 31, 2014, Skydive's right to occupy the bird hangar was once again governed by the May 2012 agreement. Horry County, of course, disagrees. However, if the May 2012 agreement does control, Skydive retains the right to occupy the bird hangar "through July 2020." If the court of appeals had agreed with Skydive—or if this Court were now to agree—we could order that Skydive may move back into the bird hangar "through July 2020."

A case is moot "when judgment, if rendered, will have no practical legal effect upon existing controversy." *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973). This case is not moot because a decision to reverse the ejectment order could have the practical effect of putting Skydive back in possession of the bird hangar.

In support of its decision to dismiss the appeal as moot, the court of appeals relied on *Berry v. Zahler*, 220 S.C. 86, 66 S.E.2d 459 (1951). In *Berry*, a magistrates court issued an order of ejectment against a residential tenant. 220 S.C. at 87, 66 S.E.2d at 459. On appeal to this Court, the tenants admitted they voluntarily vacated the premises during the appeal and that they had delivered possession of the residence to the landlord. 220 S.C. at 87, 66 S.E.2d at 460. We stated, "In their brief is the statement that since the trial before the magistrate they have vacated the premises and delivered possession to the landlord. Under these circumstances, the issue, which was the right to possession of the premises, has become moot, and the appeal will not be considered." *Id.* The key fact in *Berry* that made the tenant's appeal moot was the tenant vacated the premises voluntarily.

Skydive did not vacate the bird hangar voluntarily. After the circuit court affirmed the ejectment order and denied Skydive's request for a stay of the order, ten Horry County sheriff's deputies arrived at the hangar to ensure Skydive vacated the premises by the court-ordered deadline. In contrast to the *Berry* tenant's voluntary relinquishment of possession, Skydive repeatedly contested all rulings by the courts in an obvious effort to remain in the bird hangar. At oral argument before this Court, counsel for Skydive confirmed his client's intent to resume possession if the magistrates court's ejectment order is reversed.

In its explanation of its dismissal on the grounds of mootness, the court of appeals stated, "Skydive has not possessed the property in almost three years." 424 S.C. at 303, 818 S.E.2d at 227. The court gave no reason the three-year delay affects whether the appeal is moot. We find nothing in this record to indicate Skydive unnecessarily delayed the resolution of this appeal. While it is unfortunate the court of appeals took three years to resolve the appeal, as we have explained, the court still has the power to grant the relief Skydive seeks. Therefore, the delay in this case has nothing to do with whether the appeal is moot.

### III.   Skydive's Right to Occupy the Hangar

Having determined the court of appeals should not have dismissed the appeal, we turn to the merits.[1]   Skydive's argument depends on the continued validity of the

---

[1] Initially, the parties briefed to this Court only the issue of mootness. Though our record contains the parties' briefs to the court of appeals on the merits, after oral argument, we gave both sides the opportunity to brief the merits directly to this Court. We later received supplemental briefs from Skydive and Horry County

May 2012 agreement after the execution of the Space Use Permit. Under the terms of the May 2012 agreement, Skydive contends, it remains entitled to occupy the bird hangar through July 2020. The May 2012 agreement is the only basis on which Skydive claims it has any right to occupy the hangar.

We agree with the magistrates court and the circuit court that the May 2012 agreement is no longer in effect. The Space Use Permit provides in clear and unambiguous terms it "constitutes the complete agreement of the parties with respect to" occupancy of the hangar and "supersedes all previous agreements." In response to this point, Skydive argues the May 2012 agreement provides that it "remains in effect through Grand Strand Aviation's lease with Horry County Department of Airports through July 2020 unless both parties agree to any changes in writing." When Horry County terminated its agreement with Grand Strand Aviation/Ramp 66, however, Horry County became the party with the right to "agree in writing" to change the relationship. It did precisely that in executing the Space Use Permit, which according to its clear and unambiguous terms expired on January 31, 2014. When the Space Use Permit expired, Skydive retained no right to continue to occupy the hangar.

## IV. Conclusion

The appeal is not moot because Skydive did not voluntarily vacate the bird hangar, and a ruling in favor of Skydive could put it back in possession. However, the Space Use Permit superseded the May 2012 agreement, and the Space Use Permit is expired. Skydive has no right to occupy the bird hangar. We reverse the court of appeals and affirm the circuit court.

---

addressing the merits of whether Skydive retains any right to occupy the bird hangar. Skydive also raised other issues to the court of appeals. To the extent those issues have not been addressed by the court of appeals or this Court, we find it unnecessary to do so because our resolution of the merits ends this lawsuit. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (An "appellate court need not address remaining issues when disposition of prior issue is dispositive"). However, Skydive points out it raised several of those other issues on remand from our ruling in Skydive's lawsuit against Horry County and others. Unless we specifically addressed the issue in this opinion, we do not intend our ruling in this case to impact the other issues.

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur.**