**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Turner's Marina, LLC, Respondent-Appellant,

v.

Paige Lorberbaum, Jeffrey A. Klapper, and Diane L. Klapper, Defendants,

Of whom Paige Lorberbaum is the Appellant-Respondent and Jeffrey A. Klapper and Diane L. Klapper are Respondents.

Appellate Case No. 2022-001547

———————————

Appeal From Beaufort County
Donald B. Hocker, Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-081
Heard March 4, 2025 – Filed February 25, 2026

———————————

**AFFIRMED**

———————————

Russell Pierce Patterson, of Russell P. Patterson PA, of Hilton Head, for Appellant-Respondent.

Thomas C Taylor, of Law Offices of Thomas C. Taylor, LLC, of Bluffton, for Respondent-Appellant.

James Samuel Murray, of Turner Padget Graham &
Laney, PA, of Augusta, Georgia, for Respondents.

---

**PER CURIAM:** This cross-appeal arises from Turner's Marina LLC's action to enforce its right of repurchase on a lot (the Lot) in a recreational vehicle (RV) development. Paige Lorberbaum appeals the circuit court's order enforcing the right of repurchase, arguing the right of repurchase violated the rule against perpetuities. In its cross-appeal, Turner's Marina argues the circuit court erred by (1) denying its request for attorney's fees and costs and (2) failing to reduce the purchase price Turner's Marina was required to pay Lorberbaum by an amount commensurate with damages it incurred. We affirm pursuant to Rule 220(b), SCACR.

1. We hold Lorberbaum's appeal is moot because she did not seek a supersedeas of the circuit court's order directing her to convey the Lot to Turner's Marina by general warranty deed within ninety days but instead complied with the order and completed the sale. *See Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 26, 630 S.E.2d 474, 477 (2006) ("A moot case exists where a judgment rendered by the court will have no practical legal effect upon an existing controversy because an intervening event renders any grant of effectual relief impossible for the reviewing court."); *see also Berry v. Zahler*, 220 S.C. 86, 87, 66 S.E.2d 459, 459-60 (1951) (concluding the issue on appeal, "which was the right to possession," had become moot when the appealing tenants admitted on appeal that "since the trial before the magistrate[,] they ha[d] vacated the premises and delivered possession to the landlord"); *but see Skydive Myrtle Beach, Inc. v. Horry County*, 428 S.C. 638, 642, 837 S.E.2d 485, 487 (2020) (finding an appeal was not moot even though the ejected tenant no longer occupied the premises "because a decision to reverse the ejectment order could have the practical effect of putting Skydive back in possession of the [the premises]"); *id.* (distinguishing the holding of *Berry* on the ground that the tenants in *Berry* vacated the premises voluntarily, whereas Skydive did not vacate the premises voluntarily but was instead forced to vacate when "ten Horry County sheriff's deputies arrived at the [premises] to ensure Skydive vacated . . . by the court-ordered deadline"); *id.* at 642-43, 837 S.E.2d at 487 ("In contrast to the *Berry* tenant's voluntary relinquishment of possession, Skydive repeatedly contested all rulings by the courts in an obvious effort to remain in the [premises]."). The circuit court found Turner's Marina was entitled to specific performance and ordered that Lorberbaum convey the Lot to Turner's Marina within ninety days by general warranty deed for consideration of $54,500. Lorberbaum filed a timely notice of appeal on October 31, 2022. The following

day, she filed a "motion for clarification or in the alternative for a stay" in circuit court. Lorberbaum requested that the circuit court clarify when the ninety-day period began to run, but she did not specifically request a stay of the action pending the outcome of her appeal, nor did she move for an order imposing a supersedeas. *See* Rule 241(a), SCACR ("As a general rule, the service of a notice of appeal in a civil matter acts to automatically stay matters decided in the order, judgment, decree[,] or decision on appeal, and to automatically stay the relief ordered in the appealed order, judgment, or decree or decision."); Rule 241(b)(4), SCACR (providing that "[j]udgments directing the sale or delivery of possession of real property as provided in [section] 18-9-170 [of the South Carolina Code (2014)]" are an exception to the general rule that the service of a notice of appeal in civil matters acts to automatically stay matters decided in the order on appeal); § 18-9-170 ("If the judgment appealed from direct[s] the sale or delivery of possession of real property, the execution of the judgment shall not be stayed unless a written undertaking be executed on the part of the appellant, with two sureties, to the effect that during the possession of such property by the appellant he will not commit or suffer to be committed any waste thereon and that if the judgment be affirmed he will pay the value of the use and occupation of the property from the time of the execution of the undertaking until the delivery of possession thereof pursuant to the judgment, not exceeding a sum to be fixed by a judge of the court by which judgment was rendered and which shall be specified in the undertaking."); *see also* Rule 241(c)(1), SCACR ("In a case subject to an exception, any party may move for an order imposing a supersedeas of matters decided in the order, judgment, decree[,] or decision on appeal after service of the notice of appeal. The effect of the granting of a supersedeas is to suspend or stay the matters decided in the order, judgment, decree[,] or decision on appeal . . . ."); Rule 241(c)(2), SCACR ("In determining whether an order should issue pursuant to this Rule, the lower court, administrative tribunal, appellate court, or judge or justice of the appellate court should consider whether such an order is necessary to . . . prevent a contested issue from becoming moot."); Rule 241(c)(3), SCACR ("The granting of supersedeas . . . may be conditioned upon such terms, including but not limited to the filing of a bond or undertaking, as the lower court, administrative tribunal, appellate court, or judge or justice of the appellate court may deem appropriate."). Here, the circuit court granted Lorberbaum's motion for clarification and stated she had until December 28, 2022, to complete the sale and vacate the Lot. Lorberbaum complied with the circuit court's order and completed the sale to Turner's Marina for $54,500 on December 28, 2022. We find the facts of this case are consistent with the facts in *Berry* in that Lorberbaum voluntarily transferred the Lot to Turner's Marina in exchange for the purchase price. Because Lorberbaum did not seek supersedeas and instead complied with the circuit court's

order to convey the Lot to Turner's Marina, we hold she voluntarily sold and vacated the Lot and the appeal is therefore moot.[1]

2.  As to Turner's Marina's Issue I, we find the circuit court did not err by denying Turner's Marina's request for costs and attorney's fees in its action against the sellers, Jeffrey A. Klapper and Diane L. Klapper.  *See Seabrook Island Prop. Owners' Ass'n v. Berger*, 365 S.C. 234, 240, 616 S.E.2d 431, 434 (Ct. App. 2005) ("Where there is a contract, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown." (quoting *Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 384, 377 S.E.2d 296, 297 (1989))).  Although Turner's Marina requested attorney's fees in its complaint, the circuit court found Turner's Marina offered no specific proof during trial regarding the amount of attorney's fees it expended in the case.  The circuit court then denied Turner's Marina's Rule 59(e), SCRCP, motion requesting the court award attorney's fees in an amount to be determined by posttrial hearing or affidavits.  During trial, the only evidence Turner's Marina offered regarding attorney's fees was its attorney's hourly rate.  We hold the circuit court did not err by denying Turner's Marina's request for costs and fees because the circuit court lacked evidence from which it could determine a reasonable attorney's fee.  *See Jackson v. Speed*, 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997) ("[T]he court should consider the following six factors when determining a reasonable attorney's fee: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services.").

3.  As to Turner's Marina's Issue II, we find the circuit court did not err by declining to reduce the purchase price by $12,442.50 to account for lost rental revenue.  *See J & W Corp. of Greenwood v. Broad Creek Marina of Hilton Head, LLC*, 441 S.C. 642, 664, 896 S.E.2d 328, 340 (Ct. App. 2023) ("In equity actions[,] an appellate court can review the record and make findings based on its view of the

---

[1] In this court's recent decision, *Montgomery Holdings, LLC v. Merlo*, Op. No. 6135 (S.C. Ct. App. filed Feb. 11, 2026) (Howard Adv. Sh. No. 6 at 11), this court, applying section 18-9-170, declined to find the defendant homeowners waived, mooted, or otherwise forfeited their right to appeal when they paid the money judgment against them, thereby stopping the sale at auction of property to satisfy the judgment, rather than seeking a supersedeas.  This case is factually distinguishable, and South Carolina caselaw, as we discussed, supports our determination here that the specific performance of voluntarily relinquishing possession of disputed property moots the appeal.

preponderance of the evidence.  However, this [c]ourt is not required to disregard the findings of the trial judge who saw and heard the witnesses and was in a better position to judge their credibility." (alterations in original) (quoting *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 105, 531 S.E.2d 287, 290-91 (2000))); *see also White v. Felkel*, 225 S.C. 453, 459, 82 S.E.2d 813, 816 (1954) ("Equity may, when its jurisdiction is invoked to obtain the specific enforcement of a contract, . . . when decreeing specific performance[,] award damages or pecuniary compensation to the plaintiff along with specific performance *when the decree as awarded does not give complete and full relief. . . .*  Thus, a court of equity, having jurisdiction for the purpose of specifically, enforcing performance of a contract, has full jurisdiction, in addition to decreeing specific performance, to award such legal damages as have resulted from delay in the performance of the contract, as, for example, for loss of rents and profits resulting from delay in the conveyance of land . . . ." (emphasis added) (quoting 49 Am. Jur. *Specific Performance* § 174)).  We hold the circuit court did not err by failing to award damages in addition to specific performance.  First, considering the record in our own view of the preponderance of the evidence, we hold Turner's Marina provided insufficient evidence to support its claim for an additional $12,442.50 in damages.  Turner's Marina provided a damages summary based upon rental income it earned from renting the Lot in 2018 and provided tables showing the historical rental income for four other lots in the RV resort.  The data reflected income for the Lot and only one other lot for 2018.  The tables included rental income for only two other lots for 2019 and 2020.  Using the table showing rental income on the Lot from 2018, Turner's Marina estimated it lost $4,147.50 in rental income per year during the period Lorberbaum owned the Lot through the trial.  We find the proof Turner's Marina offered to show lost rental profits was not specific enough as to each year to support awarding it this additional relief.  The RV Resort consisted of 200 lots and Turner's Marina provided rental income data for only four of the 200 lots.  Further, none of this information included rental income earned for the years 2021 or 2022.  Thus, this evidence is insufficient to show that the income Turner's Marina earned for the Lot in 2018 would have been comparable to the income it would have earned during the years 2019 through 2022.  In addition, Lorberbaum testified that it was difficult to park an RV in the Lot and in the lot next to it because the lots were in a "weird spot"; that the Lot "floods a lot" because it was in a low-lying area; and that the environment in the community had become "extremely hostile over the last few years."  Lorberbaum's testimony provided evidence that the loss of potential rental income was not as high as Turner's Marina claimed.  Second, we find Turner's Marina obtained complete relief through the remedy of specific performance because Lorberbaum purchased the Lot from the Klappers for $54,500.  After trial, Lorberbaum transferred the Lot to Turner's

Marina in exchange for the $54,500 sales price within ninety days in compliance with the circuit court's order. Although she occupied the Lot for over three years without paying any additional compensation to Turner's Marina, we find it would be inequitable under these facts to award Turner's Marina an additional $12,442.50 when it obtained complete relief through the grant of specific performance. *See J & W Corp. of Greenwood*, 441 S.C. at 664, 896 S.E.2d at 340 ("In equity actions[,] an appellate court can review the record and make findings based on its view of the preponderance of the evidence." (alteration in original) (quoting *Ingram*, 340 S.C. at 105, 531 S.E.2d at 290-91)).

**AFFIRMED.**

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**