17423

E. L. LONG MOTOR LINES, Inc., Fuller Motor Lines, Inc., Huckabee Transport Corp. and R. D. Nilson, doing business as Nilson Motor Express, Appellants, v. South Carolina Public Service Commission, Respondent.

(103 S. E. (2d) 762)

68

*Frank A. Graham, Jr., Esq.,* of Columbia, *for Appellants,*

*Messrs. T. C. Callison, Attorney General,* and *Irvine F. Belser, Assistant Attorney General,* of Columbia, *for Respondent,*

72

May 13, 1958.

PER CURIAM.

The order and decree of Honorable Steve C. Griffith, Presiding Judge, has been carefully considered in the light of the record and the exceptions. The issues presented by the exceptions were correctly decided by the lower Court. The exceptions are overruled and the order and decree of the lower Court is adopted as the judgment of this Court.

The appellants contend that the order of the respondent was fatally defective in that it did not contain any specific findings of fact. They assert that the respondent should have specifically made a finding that public convenience and necessity was not being reasonably served by the appellants. The exception posing this question cannot be considered for the reason that the appellants made no such claim in their petition for a rehearing before the respondent, or in the complaint upon which this action is based. Since this ground of appellants is not responsive to the issues raised by the pleadings, it was not properly before the trial Judge and, therefore, is not properly before this Court. *Franklin Savings & Loan Co. v. Riddle,* 216 S. C. 367, 57 S. E. (2d) 910; *Richardson v. General Motors Acceptance Corp.,* 221 S. C. 14, 68 S. E. (2d) 874; *Prosser v. Avery Lumber Co.,* 162 S. C. 159, 160 S. E. 431; *Epworth Orphanage v. Long,* 207 S. C. 384, 36 S. E. (2d) 37; *White v. Livingston,* 231 S. C. 301, 311, 98 S. E. (2d) 534.

We agree with the Circuit Judge that it would be better practice for the Commission to make specific findings on the issues involved, even though there is no statute requiring any such findings in orders made by the Public Service Commission relative to certificates of public convenience and necessity for motor carriers.

In *Gray v. Laurens Mills,* 231 S. C. 488, 99 S. E. (2d) 36, 38, which was a Workmen's Compensation case, we use language which is here appropriate. We quote:

"As pointed out in *Singleton v. Durham Laundry Co.,* 213 N. C. 32, 195 S. E. 34, 35, the Commission should 'make such specific and definite findings upon the evidence reported as will enable this court to determine whether the general finding or conclusion should stand, particularly when there are material facts at issue.' "

Judgment below affirmed.