## 19172

PETROLEUM TRANSPORTATION, INC., Respondent v. THE
PUBLIC SERVICE COMMISSION, Appellant.

(179 S. E. (2d) 326)

420

Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Coleman, and William F. Austin, Asst. Attys. Gen., of Columbia, for Appellant,

Thomas E. McCutchen, Esq., Whaley, McCutchen, Blanton & Richardson, of Columbia, for Respondent,

February 18, 1971.

LEWIS, Justice.

The lower court issued an order directing that appellant, The Public Service Commission of South Carolina, issue to respondent, Petroleum Transportation, Inc., a certificate of public convenience and necessity, for which respondent's application had been previously denied by appellant. No appeal was taken from the above order but, after the time for appeal had elapsed, appellant moved unsuccessfully to set aside the order because of alleged lack of jurisdiction of the lower court to issue it. The questions presented in this

appeal involve the jurisdiction of the lower court to issue the order in question. The facts are not in dispute.

Respondent applied to appellant (hereafter referred to as the commission) for the issuance of a class E certificate of public convenience and necessity to render motor freight service in the transportation of liquified petroleum gas over irregular routes in this State. After a hearing, at which considerable testimony was taken, the application was denied by the commission in an order dated November 22, 1967 and a petition for a rehearing was subsequently denied on December 19, 1967.

Thereafter, respondent instituted an action in the Court of Common Pleas for Richland County on January 16, 1968 by the service of a summons and complaint, in which the Court was petitioned to overrule and set aside the foregoing order and to direct the commission to issue the certificate applied for, upon the grounds that the action of the commission in denying the application was unreasonable, unlawful, and discriminatory, and deprived respondent of equal protection under the State and Federal Constitutions.

After the service of the summons and complaint, the commission filed an answer which was, in substance, a general denial.

The issues arising under the complaint and answer were heard by the lower court and, on May 28, 1969, an order was issued in which the court concluded "that the weight of the evidence clearly supports the position of the plaintiff [respondent] * * *, that the plaintiff has established the convenience and necessity required, and that it would be unjust to deny relief to the plaintiff." Upon such findings, the action of the commission in denying the certificate was reversed and it was ordered to forthwith issue to respondent the certificate sought.

The record upon which the lower court heard the matter consisted of the transcript of the proceedings and testimony previously taken at the original hearing before the commis-

sion and certain exhibits which were introduced without objection.

No appeal was taken from the order of the lower court of May 28, 1969, and the commission issued an order on July 14, 1969 directing that the certificate be issued, and notice thereof was forwarded to respondent's counsel on July 17, 1969. Although this order of the commission was not rescinded or modified by formal notice, the certificate was never issued.

Since it had not been issued as directed, respondent moved on August 20, 1969 for an order requiring the commission to issue the certificate. Thereafter, the commission, on September 18, 1969, noticed a motion for an order setting aside the previous order of the court, issued on May 28, 1969, upon the ground:

That this court was without jurisdiction to issue such order in the premises, there being neither statutory, common law, nor inherent authority for the court to review the action of the commission in the circumstances except in a *certiorari* proceeding;

And that the order in question manifestly was not the result of an action in the nature of *certiorari*, but was, instead, in the nature of an appeal or other judicial review *de novo*.

Both of the above motions, that of respondent to require the issuance of the certificate and that of the commission to set aside the order of May 28, 1969, were heard together by the lower court and an order was issued on June 1, 1970 granting the motion of respondent and denying that of the commission, from which the commission has prosecuted this appeal.

The sole exception on appeal is as follows:

"That the lower court erred in refusing to set aside its order of May 28, 1969, the error being that the lower court was without jurisdiction to order the South Carolina Public

Service Commission to issue a certificate of public convenience and necessity to a motor carrier in the premises in the absence of an allegation and showing by such carrier that the commission's action in refusing to issue such certificate was arbitrary, capricious, and not based on competent evidence properly before the commission."

The position of the commission in this appeal is, in effect, that the lower court had no jurisdiction of the subject matter and was therefore without authority to issue the order of May 28, 1968. While there is serious question as to whether the above exception raises that question, we nevertheless consider it, since lack of jurisdiction of the subject matter cannot be waived even by consent and may be raised in this court without an exception. *Hunter v. Boyd,* 203 S. C. 518, 28 S. E. (2d) 412; *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873.

We interpret the attack upon the jurisdiction of the lower court to be two-fold: (1) That the only authority of the court to review orders of the Public Service Commission pertaining to the issuance of certificates of public convenience and necessity is by *certiorari,* that the present action was not such a proceeding, and therefore the court was without jurisdiction to review the order in question; and (2) that the lower court had no jurisdiction to direct the issuance of the certificate to respondent, or exceeded its jurisdiction in doing so, in the absence of a showing that the action of the commission was unlawful, arbitrary, or capricious, or that it was not based on competent evidence.

The Public Service Commission has authority, as defined by statute, over motor carriers operating in this State. This includes the power to issue certificates of public convenience and necessity. Section 58-1401 *et seq.,* 1962 Code of Laws.

We are here concerned with the power of the Court to review an order of the commission issued pursuant to the authority granted under the above cited statutes.

With reference to the right of *appeal* from orders issued by the commission, we held in *City of Columbia v. South Carolina Public Service Commission,* 242 S. C. 528, 131 S. E. (2d) 705, "that there is no appeal from the decisions, orders or regulations of public service commissions except as provided by constitutional or statutory provisions, and in the absence of such a provision no such right exists."

We find no statutory authorization in this State for an *appeal* from decisions of the commission relating to the issuance of certificates of public convenience and necessity to motor carriers. The parties apparently concede that there is none. The absence, however, of statutory authorization for an appeal does not preclude judicial review of decisions of the commission in such cases.

In *Southern Railway Co. v. Public Service Commission,* 195 S. C. 247, 10 S. E. (2d) 769, a case dealing with review of a commission decision affecting railroads where no statutory right of appeal was provided, the court stated: "But while the rule stipulates that no discontinuance should be allowed without permission of the Public Service Commission it follows as a matter of law that the action of the Commission in a case of this kind is subject to review by the Court in some form or by some method." In that case, review by the institution of an action in the Court of Common Pleas for such purpose was approved.

Although the form of the proceeding was not questioned, review of orders of the commission affecting motor carriers was sought, as here, through the institution of an action in the Court of Common Pleas in the cases of *Beard-Laney, Inc. v. Darby,* 208 S. C. 313, 38 S. E. (2d) 1, and *Long Motor Lines, Inc. v. South Carolina Public Service Commission,* 233 S. C. 67, 103 S. E. (2d) 762. The fact that in these cases the action was instituted by service of a rule to show cause and not a summons, as in this case, is of no particular significance. The purpose of the process to obtain jurisdiction of the person is accomplished by either a summons or rule to show cause.

We think that the present action was appropriate to bring the order of appellant before the court for review, and the court acquired jurisdiction of the parties and the subject matter for such purpose. In fact, as stated in *Pullman Co. v. Public Service Commission,* 234 S. C. 365, 108 S. E. (2d) 571, an action of the present kind "is the approved method to obtain judicial review of decisions of the Commission affecting carriers."

Finally, it is contended that the lower court lacked jurisdiction to order appellant to issue to respondent the certificate of public convenience and necessity in question in the absence of a showing that the action of appellant was unlawful, arbitrary, or capricious, or that it was not based on competent evidence.

Irrespective of the denomination of the proceeding adopted to bring the order of the commission before the court for review, the scope or extent of review in cases of this kind is well settled. The following from *Pee Dee Electric Cooperative v. Public Service Commission,* 229 S. C. 155, 92 S. E. (2d) 171, 174, and quoted with approval in *Long Motor Lines v. Public Service Commission, supra,* 233 S. C. 67, 103 S. E. (2d) 762, defines the extent of the power of the court to review an order of the commission:

"In our consideration of the issues here presented the governing principle, well settled by many decisions of this Court, is that orders of the Public Service Commission issued under the powers and authority vested in it have the force and effect of law; that the Commission's findings of fact are presumptively correct and its orders presumptively reasonable and valid; that this Court cannot substitute its judgment for that of the Commission upon a question as to which there is room for a difference of intelligent opinion; and that, therefore, an order of the Commission such as is here involved will not be set aside except upon a convincing showing that it is without evidence to support it or that it embodies arbitrary or capricious action as a matter of law."

The order of the lower court reversing the order of the commission recites that it was based upon the conclusion that "the weight of the evidence clearly supports the position of plaintiff [respondent] * * *, and that it would be unjust to deny relief to the plaintiff." The commission argues that it appears upon the face of the record that the court "exceeded its authority," since the order of the lower court recites that it was issued in accordance with the weight of the evidence when the power of the court to review was limited to a determination of whether the action of the commission was arbitrary, or capricious, or without evidence to support it.

We have held that the lower court had jurisdiction of the parties and the subject matter. The foregoing contention of appellant is not an attack upon the jurisdiction of the court but upon the exercise of its jurisdiction. We recognized and pointed out the distinction in *Piana v. Piana*, 239 S. C. 367, 123 S. E. (2d) 297 and quoted with approval the following from *Jackson City Bank & Trust Co. v. Fredrick*, 271 Mich. 538, 260 N. W. 908, 909: "There is a wide difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of trial court is not void although it may be subject to direct attack on appeal."

As stated in *State v. Wear*, 145 Mo. 162, 46 S. W. 1099, (cited in *Piana*): "* * * the jurisdiction to decide right being once conceded, such concession necessarily embraces the power to decide wrong, and a wrong decision, though voidable, and though it may be avoided, yet until avoided is equally as binding as a right one. It cannot be attacked collaterally. The only way its binding force can be escaped or avoided is by appeal or writ of error."

There was no appeal from the order of the lower court of May 28, 1969 reversing the action of the commission, and the failure to do so precludes our

collateral review of that order on the ground that the court wrongly decided the issue on the basis of the greater weight of the evidence. Such attack simply charges that the court acted improperly in the exercise of its jurisdiction. Failure to appeal foreclosed this attack upon the judgment. If this were not true, every incorrect ruling of a court would be without its jurisdiction and subject to collateral attack. We therefore do not reach the merits of the controversy.

While we recognized in *Beckwith v. McAlister,* 165 S. C. 1, 162 S. E. 623, that a court may exceed its jurisdiction and thereby render its judgment void to such extent, that principle is inapplicable in this case. Here, the question concerns the erroneous exercise of undoubted jurisdiction.

The judgment of the lower court is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.