21948

James C. ANDERS, Solicitor, for the Fifth Judicial Circuit, Respondent, v. SOUTH CAROLINA PAROLE AND COMMUNITY CORRECTIONS BOARD, William D. Leeke, Commissioner, of the South Carolina Department of Corrections, Appellants; and James C. ANDERS, Solicitor for the Fifth Judicial Circuit, and Stanley D. Ragsdale, Assistant Solicitor for the Fifth Judicial Circuit, Respondents, v. SOUTH CAROLINA PAROLE AND COMMUNITY CORRECTIONS BOARD, William D. Leeke, Commissioner, of the South Carolina Department of Corrections, Appellants. (two cases)

(305 S. E. (2d) 229)

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen., Daniel R. McLeod, Asst. Atty. Gen., Donald J. Zelenka* and *Larry C. Batson,* Columbia, *for appellants.*

*James C. Anders, pro se.*

*Stanley D. Ragsdale, pro se.*

July 11, 1983.

*Per Curiam:*

The Plaintiff-Respondent, James C. Anders, in his capacity as Solicitor for the Fifth Judicial Circuit of South Carolina,

brought this action seeking to enjoin Defendants-Appellants, South Carolina Parole and Community Corrections Board and William D. Leeke, Commissioner of South Carolina Department of Corrections, from releasing inmates under the Supervised Conditional Release Program developed under § 24-13-710 of the *Code of Laws of South Carolina* (1982 Cum. Supp.). Defendants were enjoined by the Circuit Court on May 28, 1982, before any inmate was released under the program. In February, 1982, plaintiffs brought another proceeding, seeking to have defendants held in contempt of court for violating the May 28, 1982 Order of Injunction. The defendants were held in contempt and were further enjoined from releasing any inmate pursuant to any program developed in accordance with § 24-13-710. The defendants appealed both orders. We have consolidated the two cases for the purpose of appeal. We reverse both orders.

After the two appeals were docketed in this Court, plaintiff moved, over the objection of the defendants, to amend the original Complaint "... by allowing the addition of another party as Petitioner and Respondent in this action and appeal, to wit, Stanley D. Ragsdale, Assistant Solicitor for the Fifth Judicial Circuit, and to further amend Paragraph One of such Petition to reflect that Stanley D. Ragsdale is a citizen, resident, and taxpayer of Richland County and the State of South Carolina, and is an Assistant Solicitor for the Fifth Judicial Circuit." The Motion was granted.

Upon more deliberate consideration, we are of the opinion that the Court improvidently granted the Motion. The Assistant Solicitor was not a party to the litigation in the lower court and the record (except by consent) before us should be the same as that before the trial court. We are of the opinion, however, that the result, with or without the amendment, must be the same.

Code section 24-13-710, here under attack, was adopted by the General Assembly on May 12, 1982, and is usually referred to as the "Supervised Conditional Release Program." It provided for the release of inmates who, among other things, are within six months of the expiration of their sentences or release to probation, who were not imprisoned for the crimes of murder, armed robbery, criminal sexual assault, assault

and battery with intent to kill, or kidnapping, and who have maintained a clear disciplinary record for the preceding six months.

This Code section is one more in a series of statutes enacted by the legislature over the years to provide for the service of less time in prison than that specified in the judge's sentence. It differs not in essence but in form from others by referring to the leniency granted as "furlough," which in our view, is not of great significance. It was obviously not the intent of the legislature to use the word "furlough" in a technical sense. Other statutes providing leniency are:

§ 24-13-210 (Cum. Supp. 1982): Credit given convicts for good behavior.

§ 24-13-220: Time off for good behavior in cases of commuted or suspended sentences.

§ 24-13-230 (Cum. Supp. 1982): Reduction of sentence for productive duty assignment.

§ 24-13-610 (Cum. Supp. 1982): Extended work release program authorized.

Initially, the defendants contend that the two plaintiffs lacked standing in their official capacity and/or as citizens and taxpayers to bring this action. We agree. Section 1-7-380 of the Code provides that:

The several solicitors of the State shall not engage in litigation against the State or any of its departments.

It is elementary that the Court's primary function in interpreting a statute is to ascertain the intention of the legislature, and when the terms of the statute are clear and unambiguous, the Court must apply them according to the literal meaning.

Clearly, a solicitor cannot bring an action against the state or any of its departments. The argument that the statute should not be applicable because solicitors have, since the enactment of the statute, been made full-time employees has no appeal. By leaving this statute unchanged, we conclude that the legislature continues to intend that Solicitors are to be prohibited from suing the State or its departments. The cited opinion of the Attorney General is not

binding on this Court.[1] The reason for the rule can be more clearly understood when additional statutes are considered.

§ 1-7-320. Solicitors shall perform the duty of the Attorney General and give their counsel and advice to the Governor and other State officers, in matters of public concern, whenever they shall be, by them, required to do so; and they shall assist the Attorney General, or each other, in all suits of prosecution in behalf of this State when directed so to do by the Governor or called upon by the Attorney General.

§ 1-7-350. The several solicitors of the State shall, within their respective circuits, in cooperation with, and as assigned by the Attorney General, represent in all matters both civil and criminal, all institutions, departments, and agencies of the State. Likewise in criminal matters outside their circuits, and in extradition proceedings in other states, they shall be subject to the call of the Attorney General, who shall have the exclusive right, in his discretion, to so assign them in case of the incapacity of the local solicitor or otherwise.

§ 1-7-710. In all cases wherein the right of the State may be involved, the persons claiming under the State shall call on the Attorney General, or on the solicitors in their respective districts, to defend the right of the State; on failure whereof, the record of such case shall not be adduced as evidence to substantiate any claim against the State.

§ 1-7-460. The circuit solicitor of the fifth judicial circuit may appoint competent attorneys, who are residents of the circuit, as assistant solicitors who shall perform any and all of the duties and functions imposed by law upon the circuit solicitor as the solicitor shall authorize, designate and direct. . . .

The Solicitor is a quasi-judicial officer and serves under the Attorney General, who has the duty of supervising the prosecution of all criminal cases and the work of the Solicitors and their assistants in general. The litigation is awkward, to say the least, because it creates a situation of the Attorney Gen-

---

[1] 1969 Op. Atty. Gen. 2722.

eral in his official capacity defending an action brought by the Solicitor in his official capacity. As indicated in § 1-7-460 above, the Assistant Solicitor is in actuality, for most practical purposes, the alter ego of the Solicitor. The Assistant Solicitor is equally barred from bringing this action.

Having concluded that neither the Solicitor nor the Assistant Solicitor is permitted to bring this action, neither is permitted to proceed with the matter under the guise of appearing as a citizen and taxpayer.

The wisdom of the legislation under attack is for the General Assembly. It is obviously an effort to deal with an overcrowded prison situation. That the Solicitor and the Assistant Solicitor are disturbed because of early release of prisoners is understandable.

Having found that the plaintiffs lacked standing to bring this action, we hold that the trial judge did not have subject-matter jurisdiction and, accordingly, reverse the Order which granted the injunction. It follows that the second Order of the Court finding defendants in contempt of court for violating the first Order and further enjoining respondents from proceeding under § 24-13-710, must be reversed also.

Reversed.

Lewis, C. J., and Ness, J., dissent.

Ness, Justice (dissenting):

I would hold that even if the solicitor is prohibited by statute from suing the State, the assistant solicitor is not.

The majority bases its holding that the solicitor lacks standing on S. C. Code Ann. § 1-7-380 (1976), even though the statute was enacted when solicitors were part time. In ascertaining the legislature's intent, the majority weighs heavily the fact that the statute has not been repealed even though solicitors are now full time.

In my view, the same logic requires us to hold the statute does not apply to assistant solicitors. After the enactment of § 1-7-380, the legislature passed several statutes creating the office of assistant solicitor. Had the legislature intended § 1-7-380 to apply to assistant solicitors, it could have amended the statute; it did not. By leaving it untouched, I conclude the legislature intended the statute to apply only to

solicitors. I would hold the assistant solicitor possesses the requisite standing.

The majority also holds this Court improvidently granted the motion of plaintiffs-respondents to amend the original complaint by allowing the addition of Ragsdale as a party.

I vehemently disagree that the granting of this motion was improvidently granted, however, in any event, it was granted by the entire Court on February 9, 1983 giving Ragsdale standing.

I would hold the trial judge had subject matter jurisdiction and would affirm.

LEWIS, C. J., concurs.