22377

QUEEN'S GRANT VILLAS HORIZONTAL PROPERTY REGIMES I-V,
Appellants, v. DANIEL INTERNATIONAL CORPORATION, Palmetto
Dunes Resort, Inc., Greenwood Development Corporation and Palmetto
Electrical Cooperative, Respondents.

(335 S. E. (2d) 365)

Supreme Court

*Andrew K. Epting, Jr.* and *G. Trenholm Walker*, of *Wise &
Cole, P.A.*, Charleston, *for appellants.*

*Thomas H. Coker, Jr., H. Donald Sellers* and *H. Sam
Mabry, III*, of *Haynesworth, Perry, Bryant, Marion & John-
stone*, Greenville, *for respondent Daniel Intern. Corp.*

*A. Felton Jenkins, Jr.*, of *King & Spalding*, Atlanta, Ga.,
*Colden R. Battey, Jr.*, of *Harvey & Battey*, Beaufort, *for
respondent Palmetto Dunes Resort, Inc.*

*George E. Mullen*, of *McKay & Mullen*, Hilton Head, *for
respondent Palmetto Electrical Coop.*

Heard June 7, 1985.

Decided Oct. 1, 1985.

HARWELL, Justice:

Appellants, Queen's Grant Villas Horizontal Property Regimes I-V (the Regimes), brought these actions against respondents for alleged defects in the construction of the common elements of a condominum project. The lower court granted respondent's motion for summary judgment, finding the Regimes lacked standing to maintain the actions. We reverse.

A property regime has standing to bring an action for construction defects in common elements that the regime has the duty to maintain. *Roundtree Villas Ass'n v. 4701 Kings Corp.*, 282 S. C. 415, 321 S. E. (2d) 46 (1984). In this case, the master deeds and the by-laws incorporated therein show that the Regime has the obligation to maintain the common elements. Should the Regime not uphold its duty to pursue a recovery for any alleged construction defects in the common elements which it maintains, it may be liable to the homeowners for its omissions.

The effect of our opinion is to overrule the Court of Appeals' decision in *Dockside Ass'n v. Detyens*, _____ S. C. _____, 330 S. E. (2d) 537 (S. C. App. 1985), which erroneously stated that a regime has no standing to maintain an action unless it owns the common elements.

Reversed and remanded.

LITTLEJOHN, C. J., and NESS, GREGORY and CHANDLER, J J., concur.