### 22609

RICHLAND COUNTY RECREATION DISTRICT, Appellant v. The CITY OF COLUMBIA, G. C. Robinett, Jr., in his capacity as Finance Director of the City of Columbia, Kirkman Finlay, Jr., in his capacity as Mayor of the City of Columbia; Patton T. Adams, Rudolph C. Barnes, Luther J. Battiste, Paul Z. Bennett, E. W. Cromartie, and W. C. Ouzts, in their capacities as Council members for the City of Columbia, Respondents.

(348 S. E. (2d) 364)

Supreme Court

*Randall M. Chastain,* Columbia, *for appellant.*

*Roy D. Bates,* Columbia, *for respondents.*

Heard June 3, 1986.

Decided Sept. 2, 1986.

FINNEY, Justice:

This is an action by the appellant, Richland County Recreation District, to secure an injunction and declaratory relief against the respondent, City of Columbia, to prevent the City from collecting taxes and otherwise administering recreational services within territory added to the City by annexation subsequent to the passage of Act 409 of 1971. The action was brought in the name of the District alone. The complaint alleges that Act 409 is unconstitutional and contrary to Article III, § 34, of the Constitution of the State of South Carolina, which prohibits a special law where a general law can be made applicable.

The respondents filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Rules of Civil Procedure on the grounds the court lacked subject matter jurisdiction and the complaint failed to state a cause of action. The circuit court ruled that it lacked subject matter jurisdiction.[1]

The Recreation District was created by special legislation, Act No. 873 of 1960. Various other special legislative acts have been passed by the South Carolina General Assembly, such as the authorization of the Recreation District to issue general obligation bonds and to levy ad valorem taxes, in order to effectively operate the Recreation District.

The State, by creating a special purpose district, "does not confer on persons directly or indirectly affected thereby a property right to have the boundaries of such district remain perpetually the same." *Sanders v. Greater Greenville Sewer District,* 211 S. C. 141, 44 S. E. (2d) 185 (1947). No vested right exists in the Recreation District. The Recrea-

---

[1] During the course of the hearing, there was discussion concerning adding a taxpayer as a party and what impact such action would have on this controversy. Although no such motion was made, the trial court's order expressed a view on the constitutionality of Act 409. Based upon the record, we do not deem it appropriate or necessary to rule on the constitutionality of Act 409.

tion District and its public officials' "mere interest" in the validity of Act 409, without a showing that their rights of person or property are adversely affected by the operation of statute, is not sufficient to invoke standing to maintain this action questioning the validity of Act 409. See *Greenville County Fair Ass'n. v. Christenberry*, 198 S. C. 338, 17 S. E. (2d) 857 (1941); and *Town of Belton v. American Employers Ins. Co.*, 199 S. C. 88, 18 S. E. (2d) 612 (1942). This rule is applicable here because the officials of the Recreation District are in fact the District since they exercise all powers conferred upon the District, *Mason v. Williams*, 194 S. C. 290, 9 S. E. (2d) 537 (1940). The power to "sue and be sued" given to almost all political subdivisions does not extend to a challenge of the acts of the creator of those subdivisions. *Hibernian Society v. Thomas*, 282 S. C. 465, 319 S. E. (2d) 339 (S. C. App. 1984).

A lawsuit must be brought by the real party in interest and public officials "have no greater or different interest in the constitutionality of this law than any other citizen." The Recreation District is not the real party in interest and it, therefore, lacks standing to bring this action. There is no overriding public issue in the case to bring it within the exceptions recognized in *Thompson v. S. C. Commission on Alcohol and Drug Abuse*, 267 S. C. 463, 229 S. E. (2d) 718 (1976).

We affirm the trial court's decision which holds the Recreation District lacks standing to bring this action.

Affirmed.

NESS, C. J., and GREGORY, HARWELL and CHANDLER, JJ., concur.