23986

GNOC CORPORATION, d/b/a Bally's Grand Hotel and Casino, a/k/a The Golden Nugget, Appellant v. ESTATE OF John C. RHYNE, III, Walter E. Baker, Personal Representative, Respondent.

(439 S.E. (2d) 274)

Supreme Court

*J. Edward Bell, III,* of *Bell & Bagley,* and *Samuel J. Abrams,* Sumter, and *Daniel Schiffman,* New York City, *for appellant.*

*George G. Reaves* and *Benjamin D. Moore,* Florence, *for respondent.*

Heard Nov. 16, 1993.

Decided Jan. 10, 1994.

Reh. Den. Feb. 3, 1994.

FINNEY, Justice:

This appeal arises from a statutory proceeding in probate court seeking allowance of a claim filed against decedent's estate. Appellant raises for the first time on appeal the question of whether the probate court had subject matter jurisdiction to enter a judgment on a claim involving a gambling debt. We affirm.

## FACTS

GNOC Corp. filed a claim against the estate of John Rhyne, in the amount of $53,000. The alleged debt was represented by a $55,000 check bearing the signature of the decedent which had been dishonored because of insufficient funds.[1] After the Personal Representative disallowed the claim, GNOC filed a Petition for Allowance of Claim in the probate court.

---

[1] Payments of $2,000 were made prior to the decedent's death, thereby reducing the claimed debt to $53,000.

The probate court denied the claim ruling appellant failed to carry the burden of proof in establishing its claim. GNOC presented a photostatic copy of a check as evidence of the claim. Appellant did not present any witnesses or affidavits to establish that the document represented a valid claim against the estate. Consequently, the probate court allowed the document solely as evidence of the decedent's signature and refused to admit the check for its substantive content.

No appeal was taken from the probate court's order denying the claim. Five months later,[2] GNOC filed a motion for reconsideration which was denied because there were no reviewable issues.

GNOC appealed the probate court order denying appellant's motion for reconsideration. The circuit court denied relief, concluding that the primary basis for the appeal was appellant's contention that the first probate court order was null and void because the estate did not file a responsive pleading to appellant's petition for allowance of its claim. The court found that no responsive pleading was required to be filed prior to the hearing on the merits of the issue and thus, the probate court order was properly and validly issued. The circuit court concluded that appellant's only recourse was to appeal the first order; however, no timely appeal was taken.

## DISCUSSION

Appellant contends the probate court lacked subject matter jurisdiction to adjudicate a gambling claim because it is repugnant to the public policy against gambling in South Carolina.

■ As an initial matter, respondent contends that there are no issues preserved for appellate review because the matter of subject matter jurisdiction is raised for the first time on appeal. We disagree. The question of lack of subject matter jurisdiction may be raised at anytime during the action and cannot be waived or conferred by consent. *Petroleum Transp., Inc. v. Public Service Comm'n*, 255 S.C. 419, 179 S.E. (2d) 326 (1971); *American Agric. Chem. Co. v. Thomas*, 206 S.C. 355, 34 S.E. (2d) 592 (1945). Therefore, appellant is not precluded from raising the issue of subject matter jurisdiction on appeal.

---

[2] Appellant contended that since the probate court order was null and void, an appeal could be taken at any time.

Turning to the merits, the probate court has jurisdiction over all matter related to estates of decedents. S.C. Code Ann. § 62-1-302 (Supp. 1992). Accordingly, the probate court had jurisdiction to hear matter pertaining to a claim against the respondent estate.

Appellant urges that because the claim involved gambling, the probate court should have "closed the door" to the dispute as being against public policy. Appellant contends that it was undisputed that the dishonored check forming the basis for the claim was given by decedent in payment of a gambling debt at its Atlantic City, New Jersey licensed casino. In fact, at various stages of the proceedings appellant denied that it was a gambling debt.[3] Regardless of the purpose of the debt, based upon what was presented to the probate court, appellant did not provide sufficient evidence to establish a claim against the estate.

Accordingly, we find that the probate court had subject matter jurisdiction to determine whether GNOC's claim against the estate should be allowed. The claim was evidenced by a copy of a check made payable to the casino. On its face, there was no indication of the nature of the obligation. The probate court did not reach the issue of the underlying reason for the claim as the copy was admitted only as evidence of decedent's signature. Consequently, the claim was denied because appellant was unable to meet its burden of proof in establishing a claim against the estate. Therefore, we deny appellant's request to enter an order vacating the circuit court and probate court orders as void since the probate court had jurisdiction to hear matter concerning a claim against the estate.

Affirmed.

CHANDLER, Acting C.J., MOORE and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

---

[3] At the first hearing, in arguing for a continuance, appellant argued that this was "something more than simply a gambling debt. . . . We have something that amounts to, in our opinion, legally an estoppel to claim that it is not a legally collectible debt because . . . of the initial intent when the debts were created."