485 S.E.2d 371

**BARDOON PROPERTIES, NV, Respondent,**

v.

**EIDOLON CORPORATION and Ed Robinson, Appellants.**

No. 24616.

Supreme Court of South Carolina.

Heard March 19, 1997.

Decided May 12, 1997.

Paul V. Degenhart, Columbia, for appellants.

Theodore Von Keller of Berry, Adams, Quackenbush & Dunbar, Columbia, for respondent.

WALLER, Justice:

We granted certiorari to review *Bardoon Properties, NV v. Eidolon Corp.,* Op. No. 96–UP–057 (S.C.Ct.App. filed Feb. 26, 1996). We affirm in result.

## FACTS

In January, 1992, Bardoon Properties leased office space to Respondents Eidolon Corp. and Ed Robinson (Eidolon).[1] The lease was for a 28 month period (through April 1994) at a rental rate of $6789.33 per month. In June, 1992, Provident Life Insurance Company (Provident) purchased the property through foreclosure, becoming the successor in interest to Bardoon. Eidolon vacated the premises in March, 1993. In August, 1993, Bardoon brought this suit against Eidolon for breach of the lease. Eidolon failed to timely answer and an order of default was filed October 19, 1993.

Eidolon's motion to set aside the default judgment was denied. After a damages hearing, Bardoon was awarded $71,028.62. Thereafter, Eidolon filed a motion to reconsider in which it raised, for the first time, the fact that Bardoon was not the real party in interest and that Provident was the actual owner of the property at the times in question.[2] The motion to reconsider was denied. On appeal, the Court of Appeals held Eidolon had waived any challenge to Bardoon's status as real party in interest by failing to object prior to entry of default. Eidolon sought rehearing, claiming the issue was one of subject matter jurisdiction such that it could be raised at any time. Rehearing was denied. We granted certiorari.

## ISSUE

The sole issue we need address is whether or not a party's status as a "real party in interest" involves subject matter jurisdiction, such that it may be raised at any time?

## DISCUSSION

It is well-settled that issues relating to subject matter jurisdiction maybe raised at any time. *See Johnson v.*

---

1. Robinson was the president of Eidolon.

2. Contrary to Eidolon's contention, the question of improper parties was not "raised" at the damages hearing. Although there was testimony Bardoon was not the owner at the time of the breach, Eidolon never objected or pointed out to the trial court that it believed Bardoon was an improper party, nor did it seek any ruling on the matter.

*State,* 319 S.C. 62, 459 S.E.2d 840 (1995); *GNOC Corp. v. Estate of Rhyne,* 312 S.C. 86, 439 S.E.2d 274 (1994); *State v. Gorie,* 256 S.C. 539, 183 S.E.2d 334 (1971). Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong. *Dove v. Gold Kist,* 314 S.C. 235, 442 S.E.2d 598 (1994); *Watson v. Watson,* 319 S.C. 92, 460 S.E.2d 394 (1995).

■ We have previously indicated that a party's lack of standing as a real party in interest deprives a court of subject matter jurisdiction. *Richland County Recreation District v. City of Columbia* 290 S.C. 93, 348 S.E.2d 363 (1986); *Anders v. S.C. Parole and Comm. Corrections Board,* 279 S.C. 206, 305 S.E.2d 229 (1983).[3] However, the wealth of authority is to the effect that the issue of a party's status as real party in interest does not involve subject matter jurisdiction.

■ The purpose of a real party in interest provision is to assure that a defendant is required only to defend an action brought by a proper party and that such an action need be defended only once. 59 AmJur2d *Parties* § 35 (1987). The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, goes, in reality, to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it. 21 C.J.S. *Courts* § 16 (1990). A challenge to a party's status as real party in interest must be made promptly or the court may conclude the point has been waived. 6A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure,* § 1554, pp. 406–407 (1990) (hereinafter, Wright, Miller and Kane). *See also*

---

3. The cases essentially equate the concepts of standing and real party in interest. *See e.g., Bailey v. Bailey,* 312 S.C. 454, 441 S.E.2d 325 (1994); *Duke Power Co. v. South Carolina Public Service Comm'n,* 284 S.C. 81, 326 S.E.2d 395 (1985); *Dockside Assoc., Inc. v. Detyens, Simmons,* 285 S.C. 565, 330 S.E.2d 537 (Ct.App.1985), *overruled in pt. on other grounds, Queen's Grant Villas v. Daniel Int'l Corp.,* 286 S.C. 555, 335 S.E.2d 365 (to have standing, a party must have both a personal stake in the subject matter of a lawsuit and be the "real party in interest"). However, there is a difference between the concepts of "standing," "capacity to sue," and "real party in interest." *See* Wright, Miller and Kane, *Federal Practice and Procedure,* § 1542 at pp. 328–329 (1990). *See also Firestone v. Galbreath,* 976 F.2d 279, 283 (6th Cir.1992); *Kumar Corp. v. Nopal Lines, Ltd.* 462 So.2d 1178, 1182, n. 3 (Fla.App. 1985).

*Gogolin & Stelter v. Karn's Auto Imports, Inc.* 886 F.2d 100, 102 (5th Cir.1989), *cert. denied* 494 U.S. 1031, 110 S.Ct. 1480, 108 L.Ed.2d 617 (defendant waived defense that plaintiff was not real party in interest by failing to timely raise issue); *Hefley v. Jones,* 687 F.2d 1383, 1388 (10th Cir.1982) (real party in interest defense is for defendant's benefit and is waived if not timely raised); *Fox v. McGrath,* 152 F.2d 616, 618–619 (2nd Cir.1945), *cert. denied,* 327 U.S. 806, 66 S.Ct. 966, 90 L.Ed. 1030 (since real party in interest rule is for defendants' protection, it is not jurisdictional and is freely waivable); *Bielski v. Zorn,* 627 N.E.2d 880 (Ind.1994) (if action is brought by other than real party in interest, remedy is not dismissal for lack of subject matter jurisdiction).

■ Further, this Court has recognized that the failure to raise the issue of "real party in interest" results in waiver. *WeSav Financial Corp. v. Lingefelt,* 316 S.C. 442, 450 S.E.2d 580 (1994). Obviously, if the matter maybe waived, it cannot involve subject matter jurisdiction. *See Atlanta Skin and Cancer v. Hallmark Gen'l Partners,* 320 S.C. 113, 463 S.E.2d 600 (1995) (subject matter Jurisdiction may not be waived or conferred by consent). Similarly, Rule 17(a), SCRCP, specifically provides that "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after objection, for ratification of commencement of the action by, or ... substitution of the real party in interest...." This rule clearly indicates the question of real party in interest does not involve subject matter jurisdiction.

We find these authorities consistent with our definition of subject matter jurisdiction in *Dove v. Gold Kist, supra* (subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong). Whether or not a party is the "real party in interest" simply does not involve the court's power to hear a case of the general class (in this instance, a breach of contract claim).

■ We hold the issue of whether a party is a "real party in

interest" does not involve subject matter jurisdiction.[4] Accordingly, the Court of Appeals correctly held the issues raised by Eidolon, not having been timely raised prior to the entry of default, were waived. *Howard v. Holiday Inns, Inc.,* 271 S.C. 238, 242, 246 S.E.2d 880, 882 (1978). The Court of Appeals opinion is

**AFFIRMED IN RESULT.[5]**

FINNEY, C.J., and TOAL, MOORE and BURNETT, JJ., concur.

---

**4.** To the extent previous case law has indicated to the contrary, it is overruled.

**5.** On March 6, 1997, Bardoon filed a motion to substitute Provident National Assurance Company as its successor in interest. Although Bardoon had previously filed a motion to substitute in the circuit court, the motion was stayed pending appeal and was never acted upon. Contrary to Footnote 1 of the Court of Appeals' opinion, this Court did not deny Bardoon's motion to substitute; we merely denied Bardoon's motion to supplement the record. We discern no prejudice to Eidolon from a substitution in this case. As noted previously, having defaulted, it waived any defenses it may have had. *Howard v. Holiday Inns, Inc., supra.* Accordingly, pursuant to Rule 236(c) SCACR, we grant the motion to substitute. Provident National Assurance Company is hereby substituted as the proper plaintiff in this matter.