**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Juontonio Pinckney, Josephine Sciacca, Addie Smith, James Barone, Deborah Barone, Ismael Gonzales, Valerie Gonzales, Joe Moore, and Sandra Moore, Appellants,

v.

Epcon Communities, Inc., Epcon Communities Franchising, Inc., Brock L. Fankhauser, Fankhauser Property Group, Inc., and Stonecrest Villas of Tega Cay Home Owners Association, Inc., Defendants,

Of whom Stonecrest Villas of Tega Cay Home Owners Association, Inc. is the Respondent,

Fankhauser Property Group, Inc., Third Party Plaintiff,

v.

Architectural Alliance, Ltd., Exterior Expressions of North Carolina, Inc., Al-Mega Construction, Inc., Procar, Inc., The Southeastern Group, Inc., Lucas Lawn and Landscape, Inc., and Jose Simenez, Individually and d/b/a M & L Roofing Co., LLC and/or MB Roofing Company, Third Party Defendants.

Stonecrest Villas of Tega Cay Condominium Owners Association, Inc., Third Party Plaintiff,

v.

Stonecrest Villas of Tega Cay, LLC, and Epcon
Communities Franchising, Inc., Third Party Defendants.

Exterior Expressions of North Carolina, Inc., Fourth
Party Plaintiff,

v.

Marcos Gonzalez, Fourth Party Defendant.

Procar, Inc. and Procar II, Inc., Fourth Party Plaintiffs,

v.

Marcos Zertuche, David Carbajal, Victorina Cortez,
Balancos Construction Co., Balanos Framing, Inc.,
Ricardo Hernandez, and Silverio Cortez, Fourth Party
Defendants.

Al-Mega Construction, Inc., Fourth Party Plaintiff,

v.

Noe Perez, Juan Abundez Saucedo, and Moisese
Chavarra Hernandez, Fourth Party Defendants.

Appellate Case No. 2012-213730

———————————

Appeal From York County
John C. Hayes, III, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-340
Heard June 11, 2015 – Filed July 8, 2015

———————————

**AFFIRMED**

———————————

J. Cameron Halford, Halford, Niemiec & Freeman, LLP, of Fort Mill, for Appellants.

Curtis W. Dowling and Matthew Gregory Gerrald, Barnes Alford Stork & Johnson, LLP, of Columbia, and Brett E. Dressler, Sellers Ayers Dortch & Lyons, P.A., of Charlotte, North Carolina, for Respondent.

---

**PER CURIAM:**  Twelve homeowners at Stonecrest Villas of Tega Cay appeal the circuit court's summary judgment in favor of Stonecrest Villas of Tega Cay Condominium Owners Association, Inc., arguing the circuit court erred in (1) finding the Association had the authority to settle its claims for damages to the common elements and extinguish the claims of the homeowners, (2) finding the Association's decision to settle its claims was reasonable under the circumstances, and (3) interpreting the master deed.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *See* S.C. Code Ann. § 27-31-100(f) (2007) (requiring the owners of a horizontal property regime to execute and record a master deed containing "[a] description of the full legal rights and obligations, both currently existing and which may occur, of the apartment owner, the co-owners, and the person establishing the regime"); *Roundtree Villas Ass'n, Inc. v. 4701 Kings Corp.*, 282 S.C. 415, 421, 321 S.E.2d 46, 49 (1984) (providing the rights and authority of a horizontal property regime "must be gleaned from the Horizontal Property Act and from the master deed"); *Fisher v. Shipyard Vill. Council of Co-Owners, Inc.*, 409 S.C. 164, 178, 760 S.E.2d 121, 129 (Ct. App. 2014) ("When master deeds and bylaws show a homeowner's association has the obligation to maintain the common elements, the association has a duty to pursue a recovery for any alleged construction defects in the common elements." (citing *Queen's Grant Villas Horizontal Prop. Regimes I–V v. Daniel Int'l Corp.*, 286 S.C. 555, 556, 335 S.E.2d 365, 366 (1985))), *cert. granted*, (Mar. 19, 2015); *Goddard v. Fairways Dev. Gen. P'ship*, 310 S.C. 408, 414, 426 S.E.2d 828, 832 (Ct. App. 1993) ("In a dispute between the directors of a homeowners association and aggrieved homeowners, the conduct of the directors should be judged by the 'business judgment rule' and absent a showing of bad faith, dishonesty, or incompetence, the judgment of the directors will not be set aside by judicial action.").

**AFFIRMED.**

**FEW, C.J., HUFF, J., and CURETON, A.J., concur.**