SHORT, J.:
**201 South Carolina Department of Social Services (DSS) appeals the order of the family court that granted Darius Wardlaw a temporary restraining order (TRO) requiring DSS to remove Wardlaw from the Central Registry of Child Abuse and Neglect (Registry) pending further administrative review. DSS argues (1) the family court's order is not moot, (2) the family court was without subject matter jurisdiction to entertain Wardlaw's motion for temporary relief prior to the exhaustion of administrative remedies, (3) the family court was without authority to issue its order, and (4) the order is void ab initio because it was issued in violation of Rule 65(c), SCRCP. We affirm.
**202 FACTS
DSS initiated an investigation into an incident of alleged physical abuse by Wardlaw at the Avalonia Group Home, a home for high-risk minors, and indicated physical abuse based on its administrative review of the claim. DSS found the student suffered bruises and abrasions to his face. Upon this administrative finding of physical abuse on September 22, 2016, DSS immediately entered Wardlaw's name on the Registry, and Wardlaw was terminated from his employment. Wardlaw appealed to the DSS Office of Administrative Appeals pursuant to South Carolina Code Section 63-7-1230 (2010). His hearing was not set until January 2017. While the administrative appeal was pending, Wardlaw filed this action in family court, moving for a TRO and writ of mandamus.[1]
At a December 12, 2016 hearing before the family court, Wardlaw alleged the student involved had attempted suicide the day prior to the day of the alleged abuse. On the day in question, the student refused to sit in the center of the group room away from the walls, which he could use to self-injure. Per DSS regulatory requirements, Wardlaw used restraint to pull the student away from the wall. According to Wardlaw, the student was then checked for injuries and released.
Wardlaw argued DSS's failure to set the administrative hearing until January violated his due process rights and section 63-7-1230, which requires expedited appellate review. DSS argued because Wardlaw also raised the constitutionality of the statute, he was required to serve the South Carolina Attorney General's Office, and his failure to do so was "fatal going forward." Wardlaw argued the hearing was not on the merits, but merely for *721 temporary relief pending the resolution of his administrative appeal; therefore, the constitutionality of the statute was not at issue.
DSS next argued the statute does not define "expedited" as it is defined in other instances, such as the revocation of a passport due to the failure to pay child support, which requires a hearing within thirty days. The family court asked DSS, "[Y]ou would agree that ... this Court has the discretion **203 to make a determination at least on a temporary basis as to what is deemed expedited ... ?" DSS responded, "[Y]ou're the judge and you make the decision." DSS later argued it was a "jurisdictional issue because of the statutory requirement ..." and there was no jurisdiction until the exhaustion of administrative appeals.
Wardlaw argued his appeal was not expedited as required under the statute. The incident occurred on August 5, 2016, and the investigative finding was made on September 26, 2016. Wardlaw's name was entered on the Registry on the date of the investigative finding, and he was immediately terminated from his job. The hearing was not set until January 2017. DSS argued that considering DSS's "huge number of cases" and the limited number of hearing officers, the appeal was expedited.
By order filed January 18, 2017, the family court found it had subject matter jurisdiction. The court declined to address the issue of the constitutionality of section 63-7-1230. The court found DSS did not set the date of Wardlaw's review until 82 days after his request for review. The court further found, "82 days between a request and a scheduled hearing is too lengthy a gap in time to be considered expeditious as required by the statute." Thus, the family court found DSS failed to provide expedited review pursuant to section 63-7-1230. The court granted a TRO, restraining DSS from keeping Wardlaw's name on the Registry until the allegation of physical abuse was substantiated.
The DSS initial finding of physical abuse was reversed on administrative appeal. DSS appealed the family court's order to this court.
STANDARD OF REVIEW
"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." Simmons v. Simmons , 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). Questions of law are subject to de novo review, and the appellate court may decide such questions without any deference to the trial court. S.C. Dep't of Soc. Servs. v. Boulware , 422 S.C. 1, 6, 809 S.E.2d 223, 226 (2018).
**204 LAW/ANALYSIS
I. MOOTNESS
Both parties argue the family court's order should be reviewed by this court despite being moot. We agree.
Mootness has been defined as follows: "A case becomes moot when judgment, if rendered, will have no practical legal effect upon [an] existing controversy. This is true when some event occurs making it impossible for [the] reviewing Court to grant effectual relief." Mathis v. S.C. State Highway Dep't , 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973). Generally, courts will not address moot issues. Sloan v. Friends of the Hunley, Inc. , 369 S.C. 20, 25-26, 630 S.E.2d 474, 477 (2006). In this case, the issue of temporary removal of Wardlaw's name from the Registry is moot because the administrative appeal is completed.
However, exceptions to the mootness doctrine exist, and we find this case fits within the exception allowing courts to examine matters that are capable of repetition, yet evade review. See S.C. Dep't of Mental Health v. State , 301 S.C. 75, 76, 390 S.E.2d 185, 185 (1990) (addressing an appeal despite its mootness because it raised a question that is capable of repetition, but which usually becomes moot before it can be reviewed). Therefore, we find it appropriate for this court to address DSS's appeal.
II. SUBJECT MATTER JURISDICTION AND EXHAUSTION OF ADMINISTRATIVE REMEDIES
DSS argues the family court lacked subject matter jurisdiction to entertain Wardlaw's motion for temporary relief because Wardlaw had not yet exhausted his administrative *722 remedies. We find the family court had subject matter jurisdiction over the matter, and DSS failed to preserve the issue of exhaustion of administrative remedies.
Subject matter jurisdiction refers to a court's power to adjudicate a case. State v. Gentry , 363 S.C. 93, 100, 610 S.E.2d 494, 498 (2005). It is "the power of a court to hear and determine cases of the general class to which the proceedings in question belong." Id. "The family court has exclusive jurisdiction to hear matters concerning the abuse and neglect of **205 children." S.C. Dep't of Soc. Servs. v. Meek , 352 S.C. 523, 528, 575 S.E.2d 846, 848 (Ct. App. 2002). This case involved the alleged abuse of a child under Wardlaw's care. Thus, we find the family court had subject matter jurisdiction to hear the case.
As to exhaustion of administrative remedies, we find the issue is not preserved for appellate review. Subject matter jurisdiction "is distinct from the doctrine of exhaustion of administrative remedies, which 'is generally considered a rule of policy, convenience and discretion, rather than one of law, and is not jurisdictional.' " Capital City Ins. Co. v. BP Staff, Inc. , 382 S.C. 92, 100, 674 S.E.2d 524, 529 (Ct. App. 2009) (quoting Ward v. State , 343 S.C. 14, 17 n.5, 538 S.E.2d 245, 246 n.5 (2000) ). The "failure to exhaust administrative remedies goes to the prematurity of a case, not subject matter jurisdiction." Ward , 343 S.C. at 17 n.5, 538 S.E.2d at 246 n.5. Although subject matter jurisdiction may be raised at any time, exhaustion of administrative remedies must be raised to and ruled upon by the trial court to be preserved for appellate review. Compare Gentry , 363 S.C. at 100, 610 S.E.2d at 498 (stating "issues related to subject matter jurisdiction may be raised at any time"), and Food Mart v. S.C. Dep't of Health & Envtl. Control , 322 S.C. 232, 233-34, 471 S.E.2d 688, 688-89 (1996) (vacating the portion of the court of appeals "opinion to the extent it addresse[d] whether petitioner was required to exhaust its administrative remedies" because the issue was "procedurally barred from any appellate review because it was neither raised by the parties nor ruled on by the trial court below"). Because this issue was neither ruled upon by the family court nor raised in a post-trial motion, it is not preserved for our review. See Wilder Corp. v. Wilke , 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (stating for an issue to be preserved for appeal it must have been raised to and ruled upon by the lower court); Elam v. S.C. Dep't of Transp ., 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party must file [a Rule 59(e) ] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").
III. STATUTORY MANDATE
DSS argues it was required by statute to enter Wardlaw's name on the Registry and the family court was without **206 authority to require DSS to act in contravention of its statutory mandate. DSS further argues section 63-7-1230 does not define the term "expedited," and there is no provision in the statute providing for the family court's remedy of removal of names from the Registry if the statutory requirement for an expedited hearing is violated.
Wardlaw argues the final administrative order exonerating him was not issued until March 3, 2017, and without the family court's intervention, he would have been out of work and wrongfully listed on the Registry for 160 days. He also argues this court should affirm the family court's order on the ground that section 63-7-1230 is unconstitutional. Finally, he argues the family court had the statutory authority to enter its TRO.
Initially, we find DSS waived the issue of whether the family court had the authority to address whether it met the statutory requirement for an expedited hearing. The family court specifically asked DSS, "[Y]ou would agree that ... this Court has the discretion to make a determination at least on a temporary basis as to what is deemed expedited ... ?" DSS responded, "[Y]ou're the judge and you make the decision." Again at oral argument before this court, DSS acknowledged the family court had the authority to order it to immediately hold the administrative hearing. DSS argues, however, the family court lacked the authority to order it to remove Wardlaw's name *723 from the Registry pending the administrative hearing. We disagree.
First, we find no error by the family court in concluding eighty-two days is not expedited as contemplated by the statute. The question of legislative intent is primary when a court is construing an undefined term in a statute. Buchanan v. S.C. Prop. & Cas. Ins. Guar. Ass'n , 424 S.C. 542, 549, 819 S.E.2d 124, 127 (2018). We find the intent of section 63-7-1230 is to protect children. See S.C. Code Ann. § 63-7-1230 (2010) (providing for the immediate entry in the Registry of the name of a person administratively determined to have harmed or threatened to harm a child). However, the requirement in the statute for an expedited hearing recognizes the competing intent to protect parties from being wrongfully placed on the Registry at such an early investigative stage. Id. (requiring "expedited review in the appellate process"). As **207 seen in removal actions, which have the competing interests of protecting children and the parents' liberty interest in familial relations, the legislature clearly contemplates competing interests. See S.C. Code Ann. § 63-7-710 (A) (2010) (requiring a probable cause hearing to be held within seventy-two hours of when a child is taken into emergency protective custody); § 63-7-710 (E) (providing a hearing on the merits must be held within thirty-five days of removal). DSS itself noted at the hearing before the family court that it was required to hold a hearing within thirty days if the child support services division of DSS attaches someone's bank account or attempts to revoke someone's passport. We find our Legislature recognized that under section 63-7-1230, the party accused of abuse has no opportunity to be heard until the administrative hearing. Thus, the Legislature mandated an expedited review. We find no error by the family court in concluding eighty-two days did not satisfy that statutory mandate.
Finally, we likewise find the family court had the authority to order DSS to remove Wardlaw's name from the Registry pending the administrative hearing. "The family court has exclusive jurisdiction to hear matters concerning the abuse and neglect of children." S.C. Dep't of Soc. Servs. v. Meek , 352 S.C. 523, 528, 575 S.E.2d 846, 848 (Ct. App. 2002). South Carolina Code Section 63-3-530 provides exclusive jurisdiction to the family court "to issue orders compelling public officials and officers to perform official acts under Title 63, the Children's Code ...." S.C. Code Ann. § 63-3-530 (36) (2010). We find no error by the family court in ordering the removal of Wardlaw's name from the Registry pending his administrative review as the remedy it imposed for DSS's failure to provide an expedited hearing.
IV. RULE 65(c), SCRCP
DSS argues the family court's order violates Rule 65(c), SCRCP, because Wardlaw did not provide security. During oral argument before this court, DSS conceded it failed to preserve this issue for appellate review. See Wilder Corp. , 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").
**208 CONCLUSION
Accordingly, the order of the family court is
AFFIRMED .[2]
LOCKEMY, C.J., and MCDONALD, J., concur.

The family court consolidated the case for a hearing with Butler v. South Carolina Department of Social Services , Op. No. 2019-UP-190, 2019 WL 2295399 (S.C. Ct. App. filed May 29, 2019).

We decline to address Wardlaw's argument that section 63-7-1230 is unconstitutional.