**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Aracely Sanchez, Respondent,

v.

Vanessa M. Sumpter, Appellant,

IN RE:
Pennington Place Home Owners Association of York, Inc., Plaintiff,

v.

Vanessa M. Sumpter, Appellant.

Appellate Case No. 2023-000044

———————

Appeal From York County
Teasa Kay Weaver, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-181
Submitted March 2, 2026 – Filed April 29, 2026

———————

**AFFIRMED**

———————

J. Cameron Halford, of J. Cameron Halford, LLC, of Barnwell, for Appellant.

Thomas B. Roper, of Thomas B. Roper, Esq., of Rock Hill, for Respondent.

———————————

**PER CURIAM:** Vanessa Sumpter appeals the master-in-equity's order denying her motion for relief from an order and judgment of foreclosure (foreclosure judgment) and her motion to reconsider the grant of a writ of assistance for ejectment (writ of assistance) to Aracely Sanchez.[1]  On appeal, Sumpter argues the master erred in barring her from equity of redemption in the foreclosure when (1) the foreclosure judgment was void; (2) the master failed to consider Sumter's potential remaining equity in the foreclosed property, her offer of judgment, or the total value of the property; and (3) the amount of proceeds from the foreclosure sale was unconscionable.  Additionally, Sumpter avers the master erred in granting the writ of assistance when it lacked subject matter jurisdiction, failed to apply the doctrine of unclean hands, made factual findings that were not supported by properly adduced evidence, and failed to maintain hearing records regarding Sanchez's petition for the writ of assistance.  We affirm pursuant to Rule 220(b), SCACR.

Insofar as Sumpter argues the master lacked subject matter jurisdiction in the case, we hold the master had subject matter jurisdiction over both the foreclosure action and Sanchez's petition for the writ of assistance, which sought to enforce the foreclosure judgment.  *See Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994) ("Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" (quoting *Bank of Babylon v. Quirk*, 472 A.2d 21, 22 (Conn. 1984))); Rule 53(b), SCRCP (granting the master subject matter jurisdiction over foreclosure cases); *Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 168, 485 S.E.2d 371, 372 (1997) ("[I]ssues relating to subject matter jurisdiction may[]be raised at any time.").

As to whether the master abused its discretion in denying Sumpter's motion for relief from the foreclosure judgment's bar against her right to equity of redemption, we hold the foreclosure judgment is the law of the case because Sumpter did not appeal from the foreclosure judgment.  *See Shirley's Iron Works, Inc. v. City of*

———————————

[1] Pennington Place Home Owners Association of York, Inc. foreclosed a lien against property owned by Sumpter.  At the resulting judicial sale, the property was auctioned to Sanchez.  Subsequently, Sanchez filed a petition for a writ of assistance to eject Sumpter from the property.

*Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

As to whether the master abused its discretion in denying Sumpter's motion to reconsider its grant of the writ of assistance, we hold this issue is moot because Sumpter voluntarily vacated the property. *See Wardlaw v. S.C. Dep't of Soc. Servs.*, 427 S.C. 197, 204, 829 S.E.2d 718, 721 (Ct. App. 2019) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon [an] existing controversy. This is true when some event occurs making it impossible for [the] reviewing [c]ourt to grant effectual relief." (alteration in original) (quoting *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973))); *Skydive Myrtle Beach, Inc. v. Horry County*, 428 S.C. 638, 642, 837 S.E.2d 485, 487 (2020) (recognizing that an occupant who vacates the premises absent intervention by law enforcement does so voluntarily); *Berry v. Zahler*, 220 S.C. 86, 87, 66 S.E.2d 459, 459 (1951) (finding an appeal from an order of ejectment was moot given the defendants' acknowledgement that they had vacated the premises and delivered possession to the plaintiff); *Skydive Myrtle Beach, Inc.*, 428 S.C. at 642, 837 S.E.2d at 487 (observing "[t]he key fact in *Berry* that made the tenant's appeal moot was the tenant vacated the premises voluntarily"). Therefore, we decline to address this issue. *See Wardlaw*, 427 S.C. at 204, 829 S.E.2d at 721 ("Generally, courts will not address moot issues.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.